TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

**FILED**
DISTRICT COURT OF GUAM

JUN 09 2008

**JEANNE G. QUINATA**
Clerk of Court

Attorneys for Plaintiff
***Debbie Ann Reyes Perez***

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| DEBBIE ANN REYES PEREZ, ) | CIVIL CASE NO. CV**08-00007** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| SUPERIOR COURT OF GUAM, ) | |
| ) | |
| Defendant. ) | |

----------

1. This Court has jurisdiction of this action pursuant to 28 USC §1331. (Federal Question).

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Equitable and other relief is sought under 42 U.S.C. §2000e *et seq.*

3. This Court has subject matter jurisdiction of this action under Title VII and 42 U.S.C. §2000e *et seq.* and the court may exercise supplemental jurisdiction of all related territorial based claims.

4. Plaintiff has complied with all conditions precedent to maintain an action

under Title VII and 42 USCA §2000e *et seq*, to wit:

    a. A charge of employment discrimination was timely filed with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice;

    b. A Notification of Right to Sue was received from the Equal Employment Opportunity Commission on March 11, 2008;

    c. This complaint has been filed within ninety (90) days of receipt of the Notification of Right to Sue.

5. Plaintiff, Debbie Anne Reyes Perez, is a female citizen of the United States and at all times relevant herein resided in Guam.

6. Upon information and belief, Defendant, the Superior Court of Guam, falls under the judicial branch of the government of Guam.

7. The unlawful employment practices alleged herein were committed within the territory of Guam.

8. Plaintiff has been discriminated against in ways that deprive and tend to deprive her of equal employment opportunities and otherwise adversely affected her status as an employee because she is female.

9. In September 2001 Plaintiff began her employment with the Defendant as a Deputy Marshall I. Marshals are peace officers required to carry their weapons while on duty.

10. Beginning on or about July 1, 2002 Plaintiff was subjected to a hostile work environment. On that date, while on duty, Plaintiff was physically assaulted for the first time and subjected to the unwanted sexual advances of her coworker and assigned partner,

Deputy Marshall II, Alan Ecle.

11. Ecle's unwanted advances continued from 2000 to 2006 in the form of intimidation, threats of sexual assault and sexual assaults during Plaintiff's employment with the Superior Court, except for a one year period when Ecle, who was also a member of the Guam National Guard, was deployed off island.

12. Ecle had a history of unlawful conduct and conduct contrary to the employment rules of the Superior Court of Guam during his employment as a Deputy Marshall of the Superior Court of Guam which information was know to the Court.

13. Between the initial incident in 2002 and through 2006 Plaintiff was routinely subjected to sexual harassment by her co-worker Ecle during her employment with Defendant.

14. On or about February 16, 2006 Plaintiff complained to the Defendant's EEO office John Taijeron about the unlawful sexual harassment she was being subjected to. Despite the information Mr. Taijeron and the Defendant did nothing to separate the parties or do anything about the unlawful activity.

15. On or about April 16, 2006 Plaintiff again complained to the Defendant's EEO office John Taijeron about the unlawful sexual harassment she was being subjected to. Defendant understood it obligations under the law and took some action to assist Plaintiff and also began an investigation after the second complaint.

16. Defendant's post complaint actions were insufficient and failed to prevent interaction between Plaintiff and Ecle.

17. The illegal harassment and unlawful conduct continued after Defendant was informed in April 2006.

18. In mid to late 2006 Plaintiff sought medical care for the stress and impact of the effects of the hostile environment she was subjected to but Defendant on more than one occasion refused Plaintiff leave to attend to such care..

19. Defendant, its agents, servants or employees, by their conduct alleged herein, intentionally, willfully, and without justification deprived plaintiff of her rights, privileges and immunities secured by the Constitution and laws of the United States and the territory of Guam, particularly the right as a female to be free of unlawful discrimination and sexual harassment in her employment.

20. Plaintiff has suffered damages in an amount to be proved at trial for lost wages, benefits and any and all compensatory and punitive damages allowed by law and equity.

WHEREFORE, Plaintiff requests that the Court:

1. Award Plaintiff compensation for general damages in the amount of $300,000;

2. Award Plaintiff punitive damages in accordance with the law and damages proven;

3. Award Plaintiff her reasonable attorney's fees;

4. Award Plaintiff her costs and disbursements; and

5. Grant Plaintiff all other relief that is just and proper.

Dated at Hagåtña, Guam on this 9th day of June, 2008.

TEKER TORRES & TEKER, P.C.

By _____
**PHILLIP TORRES, ESQ.**
Attorneys for Plaintiff

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Case 1:08-cv-00007    Document 1    Filed 06/09/2008    Page 4 of 5
-4-

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

                        **TEKER TORRES & TEKER, P.C.**

Dated: June 9, 2008.                By _____
                                                       **PHILLIP TORRES, ESQ.**
                                                       Attorneys for Plaintiff