DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant
Superior Court of Guam



**FILED**
DISTRICT COURT OF GUAM

JUL 15 2008 RD.

JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBBIE ANN REYES PEREZ, | CIVIL CASE NO. CV08-00007 |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| SUPERIOR COURT OF GUAM, | |
| Defendant. | |

Comes now the Superior Court of Guam, though counsel Dooley Roberts & Fowler LLP, by Tim Roberts, Esq., and hereby responds to Plaintiff's Complaint as follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Responding to the allegations contained in paragraph 7 of the Complaint, Defendant denies that the practices complained of in Plaintiff's Complaint were unlawful and further denies that they occurred anywhere.

ORIGINAL

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegation contained in paragraph 12 of the Complaint.

13. Defendant denies the allegation contained in paragraph 13 of the Complaint.

14. Responding to the allegations contained in paragraph 14 of the Complaint, Defendant admits only that on or about February 16, 2006, Plaintiff mentioned to EEO officer John Taijeron that co-worker Alan Ecle had harassed her, but Plaintiff specifically and expressly informed Taijeron that she was not filing a complaint against Ecle, and specifically and expressly instructed Taijeron not to report the incident to anyone else, instead telling him she would handle the matter herself. Defendant denies each and every allegation contained in paragraph 14 of the Complaint not specifically admitted herein.

15. Responding to the allegations contained in paragraph 15 of the Complaint, Defendant admits that on or about April 18, 2006, Plaintiff formally complained to EEO officer Taijeron about co-worker harassment by Alan Ecle, admits that Defendant promptly responded as required by law by commencing an investigation and providing assistance to Plaintiff, and affirmatively states that at all times relevant hereto it has been fully aware of its obligations under the law. Defendant denies each and every allegation contained in paragraph 15 of the Complaint not specifically admitted herein.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

//

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff failed to avail herself of remedial procedures made available to her by Defendant.

3. Plaintiff failed to mitigate her damages.

4. Plaintiff consented to the conduct of which she complains.

5. The alleged harassment, if any, was mutually engaged in between the Plaintiff and her co-worker.

6. Defendant responded to the initial February 16, 2006 conversation between Plaintiff and EEO officer Taijeron in an appropriate manner.

7. Defendant responded to the complaint filed by Plaintiff on April 18, 2006 with EEO officer Taijeron in an appropriate manner.

8. Defendant did not discriminate against the Plaintiff on account of sex.

9. Plaintiff suffered no adverse employment consequence as a result of anything alleged in the complaint.

10. No tangible employment action was taken by Defendant against Plaintiff.

11. Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

12. Defendant took no action that it would not otherwise have taken in the absence of any impermissible motivating factor.

13. The alleged harassment was not severe or pervasive enough to constitute a violation of Title VII of the Civil Right Act of 1964.

14. The Complaint is barred by the applicable statute(s) of limitation.

15. Plaintiff is not entitled to a jury trial against the Superior Court of Guam.

16. Plaintiff has failed to exhaust her administrative remedies.

17. The Superior Court of Guam lacks juridical capacity.

18. Defendant is immune from suit under the doctrine of sovereign immunity.

**WHEREFORE**, Defendant prays for relief as follows:

1. For an order dismissing the Complaint with prejudice;
2. for costs of suit;
3. for all relief proper under the facts and law of the case.

**DOOLEY ROBERTS & FOWLER LLP**

Date: July 15, 2008         By: _____
**TIM ROBERTS**
Attorneys for the Superior Court of Guam