Tim Roberts, Esq.
Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223
roberts@guamlawoffice.com

Bridget Ann Keith
SUPERIOR COURT OF GUAM
Guam Judicial Center
120 W. O'Brien Drive, Suite 300
Hagåtña, Guam 96910
Telephone No. (671) 475-3526
Facsimile No. (671) 477-3184
akeith@mail.justice.gov.gu

Attorneys for Defendant
Superior Court of Guam

FILED
DISTRICT COURT OF GUAM
APR 27 2009
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBBIE ANN REYES PEREZ, | ) CIVIL CASE NO. CV08-00007 |
| Plaintiff, | ) |
| vs. | ) MOTION FOR SUMMARY JUDGMENT |
| SUPERIOR COURT OF GUAM, | ) |
| Defendant. | ) |

    The Superior Court of Guam hereby moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is supported by the accompanying Memorandum in Support of Motion for Summary Judgment, the supporting Declarations filed herewith, the Excerpts from the Depositions taken in this case, the anticipated Reply Memorandum, all other pleadings and documents on file in this action, and the arguments of counsel to be made at the hearing on the motion.

**ORIGINAL**

This is a Title VII sex discrimination case. Plaintiff Debbie Perez claims that the Superior Court was negligent in failing to prevent her from being sexually harassed by a co-worker. But, it is undisputed that the Superior Court did not know and had no reason to know of the claimed harassment before February 16, 2006, when Plaintiff first reported it. Under established case law, and as explained fully in the accompanying Memorandum in Support of Motion for Summary Judgment, the Superior Court cannot be held liable for anything that happened before February 16, 2006. After February 16, 2006, the Superior Court's conduct was not unreasonable. Plaintiff complains that the Superior Court should have separated her from the co-worker, but in fact they were separated. They only worked at the Superior Court on the same day on twelve (12) full days and three (3) half days before the Superior Court placed the co-worker on administrative leave pending an investigation. Even on those few days, the only thing the co-worker did, according to Plaintiff's sworn deposition testimony, was "stare" at her a few times. Under a long line of Title VII jurisprudence, the co-worker's alleged "stares" were insufficiently "severe or pervasive" to constitute a violation of federal law. Moreover, there is no evidence that the co-worker stared at Plaintiff "because of ... sex", i.e., because she was a woman, which is required for a violation of Title VII. Finally, punitive damages are unavailable under the undisputed facts of this case, since there is no evidence that any of the Superior Court's supervisors personally harassed anyone.

DOOLEY ROBERTS & FOWLER LLP

Dated: April 24, 2009    By: _____
**TIM ROBERTS**
Attorneys for Defendant Superior Court of Guam