Tim Roberts, Esq.
DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222

Bridget Ann Keith, Esq.
SUPERIOR COURT OF GUAM
Guam Judicial Center
120 W. O'Brien Drive, Suite 300
Hagåtña, Guam 96910
Telephone No. (671) 475-3526

Attorneys for Defendant
Superior Court of Guam


FILED
DISTRICT COURT OF GUAM
JUN 12 2009
JEANNE G. QUINATA
Clerk of Court

## IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| DEBBIE ANN REYES PEREZ, | ) | CIVIL CASE NO. CV08-00007 |
| Plaintiff, | ) | |
| vs. | ) | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| SUPERIOR COURT OF GUAM, | ) | |
| Defendant. | ) | |

### I. INTRODUCTION

There are many factual assertions in the "Introduction" section of Perez's brief, but very few of them have citations to the record before this Court. Those factual assertions that are supported by references to the record are not material to the issues raised by the motion. They are merely an effort to distract the Court from the very simple issues raised by this motion.

**ORIGINAL**

Those assertions with no reference to the record do not require a response, since they cannot properly be considered by the Court on this motion.[1]

## II. SUMMARY JUDGMENT STANDARD

Perez suggests here that because this is a Title VII claim, her burden of producing evidence in opposition to the motion for summary judgment is lessened. For this proposition, she cites *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). *Wallis* does not support Perez's position. *Wallis* and Ninth Circuit federal cases following *Wallis* all involve employer-employee harassment, i.e., retaliatory discharge or adverse employment, in which the employer's subjective intent is key. In contrast, this is a simple negligence case. Perez alleges that Sgt. Ecle harassed her and that the Superior Court negligently failed to stop it. Burden shifting devices and presumptions like those discussed in *Wallis* do not apply here. *See Scarberry v. ExxonMobil Oil Corp.*, 328 F.3d 1255, 1257 (10th Cir. 2003) ("Here, . . .where the issue is not whether ExxonMobil or its management directly harassed or retaliated against Scarberry but rather, whether ExxonMobil was negligent in allowing co-employees to sexually harass her after she informed management of the harassment, the issue of intent to discriminate is not implicated.")

In opposing this motion, it was Perez's burden to identify sufficient admissible evidence upon which a reasonable jury could return a verdict in her favor. In co-worker harassment negligence cases, in order to "defeat a motion for summary judgment, the nonmoving party must produce 'evidence of evidentiary quality' (citation omitted). . . . Evidence satisfies this standard

---

[1] At the risk of taking the bait, however, the Superior Court notes that some of the unsupported factual assertions in the Introductory section of Perez's brief are obvious red herrings. For example, at p. 2 of her Opposition Memorandum, Perez states that "The Superior Court does not contend that it provided sexual harassment training in the years 2002 to 2006 attended by Ecle or Perez which explained the Superior Court's harassment policy and procedures and the distinctions between a formal complaint or an informal complaint." In filing its motion for summary judgment, there was no reason for the Superior Court to "contend" anything about harassment training. Perez's complaint does not allege, and Perez herself never testified at her deposition, that she and Sgt. Ecle did not receive sexual harassment training. The Superior Court's sexual harassment training has nothing to do with the issues raised in this motion for summary judgment.

if it would be admissible at trial." *Avdyli v. Barnhart,* 2007 WL 57601 *2 (N.D. Ill. Jan. 3, 2007).

### III. ARGUMENT

### B. The Superior Court Cannot Be Liable For Any Harassment That Occurred Before February 16, 2006.

In harassment cases between co-workers under Title VII, the employer is only liable for harassment that happens after it has been placed on notice of the harassment. Section III.A. Perez's brief, at pp. 5-8, is entitled "The Superior Court Of Guam Is Liable For The Harassment That Occurred Before February 16, 2006 Because Its Response Was Unreasonable." On its face, this statement just does not follow. More importantly, the cases Perez cites in her brief do not help her.

There are two subsections under Section III.A. of Perez's brief. Subsection 1, at p. 6, argues that the Superior Court is "liable" because it "failed to take action after learning of the harassment." If what happened after February 16, 2006 was sufficiently severe, this may end up being true. But the Superior Court would still not be liable for anything that happened before that.

Subsection 2. of Perez's argument under Section III.A. of her brief, at p. 7, claims that "A Distinction between pre and post February 16, 2006 harassment is specious." To support this contention, Perez refers the Court to *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001), a case originally relied on by the Superior Court in its moving papers. According to Perez, *Swenson* "plainly holds" that an employer "can" be deemed to have adopted an employee's harassment of a co-worker if it fails to take corrective action "after learning" of the harassment. But, Perez omits the two sentences immediately following the particular sentence she cites in her brief. The full citation to *Swenson* is as follows:

3

> If the employer fails to take corrective action after learning of an employee's sexually harassing conduct, or takes inadequate action that emboldens the harasser to continue his misconduct, the employer can be deemed to have "adopted the offending conduct and its results, quite as if they had been authorized affirmatively as the employer's policy." *Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998). <u>On the other hand, an employer cannot be held liable for misconduct of which it is unaware</u>. See *Brooks*, 229 F.3d at 924; see also *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 811 (7th Cir. 2000) ("Negligence of this nature exposes the employer not to liability for what occurred before the employer was put on notice of the harassment, but for the harm that the employer inflicted on the plaintiff as a result of its inappropriate response."). <u>The employer's liability, if any, runs only from the time it "knew or should have known about the conduct and failed to stop it."</u> *Ellerth*, 524 U.S. at 759; *see also Brooks*, 229 F.3d at 924. (emphasis added).

*Id.* at 1192. *Swenson* seems clear enough. In a harassment case between co-workers, the employer is only liable for harassment that happens after it has been placed on notice of the harassment.

Under a seemingly unrelated Section of her brief, Section III.B., at p. 8, Perez revisits the "no notice, no liability" issue. There, Perez writes that "Defendant misunderstands Title VII and the significance of the Superior Court's inappropriate response to Perez's February 16 complaint." She cites to *Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir. 1995), decided six (6) years before the Ninth Circuit's decision in *Swenson v. Potter, supra*. In *Fuller*, the Ninth Circuit reiterated at least twice that in co-employee harassment cases, an employer cannot be held liable for conduct of which it was unaware: "However, even if a hostile working environment exists, an employer is only liable for failing to remedy harassment of which it knows or should know." 47 F.3d at 1527. And, "(a)s previously noted, an employer can only be liable for harassment of which it knows or should know." 47 F.3d at 1528. *Fuller* also suggests that liability only attaches to harassment which continues <u>after</u> the employer is on notice. "Our prior cases stand for the proposition that an employer's actions will not necessarily shield it from liability <u>if harassment continues</u>." 47 F.3d at 1529. Finally, in *Fuller*, the Ninth Circuit stopped

short of suggesting that an employer can ever be liable for conduct it never knew about. Instead, the Ninth Circuit merely remanded to the District Court "for a determination on the appropriate remedy" under plaintiff's Title VII claim. 47 F.3d at 1525.

Six years after *Fuller*, in *Swenson v. Potter*, the Ninth Circuit rejected the ratification theory once mentioned in *dictum* in *Fuller*, leaving no doubt as to the state of the law on employer-liability harassment cases. In Swenson, the Ninth Circuit held, "Plaintiff's counsel argued below that by taking inadequate remedial action, the employer ratifies (and becomes responsible for) past misconduct. We reject this contention. *Ellerth* makes it quite clear that the employer is responsible only for acts of misconduct committed after it has been put on notice. *Ellerth*, 524 U.S. at 759; *see also Brooks*, 229 F.3d at 924; *Hostetler*, 218 F.3d at 811; *Adler*, 144 F.3d. at 673." *Swenson*, 271 F.3d at 1192 n.6.

Therefore, six years after its *Fuller* decision, the Ninth Circuit, relying on United States Supreme Court precedent (*Burlington Indus. v. Ellerth*, 524 U.S. 742, 758 (U.S. 1998)), its own precedent (*Brooks v. City of San Mateo*, 229 F.3d 917, 927 (9th Cir. 2000)), and precedent from other federal circuits (*Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 810 (7th Cir. 2000), *Adler v. Wal-Mart Stores*, 144 F.3d 664, 672 (10th Cir. 1998)), completely sacked Perez's "adoption" theory. Co-employee harassment cases are negligence cases. An employer can only be liable for harassment that continues after the employer is on notice, and only if the harassment is "severe or pervasive" enough under Title VII.

Since the 2001 *Swenson* decision, courts have not paid much attention to the 1995 *Fuller* decision. This includes the Ninth Circuit itself. For instance, *Brooks v. City of San Mateo*, 229 F.3d 917, 927 (9th Cir. 2000), "If a hostile work environment exists, an employer is only liable for failing to remedy harassment of which it knows or should know." *Id.* at 927 n.10, quoting

*Ellison v. Brady*, 924 F.2d 872, 879 (9th Cir. 1991). Other Ninth Circuit decisions hold that the "liability" incurred by a defendant for failing to take adequate steps to investigate claimed harassment is prospective only, i.e., for continued harassment after the employer is on notice. *See Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 942 (9th Cir. 2003) (an employer cannot "refuse to investigate employee complaints without incurring liability for the harassment that <u>persists</u> as a result of its failure to take prompt and appropriate action.")(emphasis added) Moreover, Ninth Circuit District Courts continue to cite to the Ninth Circuit's 2001 decision in *Swenson* rather than its 1996 decision in *Fuller*. *See, Yeargain v. Landry*, 2008 WL 314414 *5 (D. Idaho Feb. 4, 2008) ("The employer's liability, if any, runs from the time it knew or should have known about the conduct and failed to stop it"). Citing *Swenson*, the *Yeargain* court confirmed that the Ninth Circuit has recognized that an employer is only responsible for acts of misconduct that occur after it has been put on notice: "In [*Swenson*], the Ninth Circuit held that where the plaintiff had never complained to management about the harasser's conduct until a specific date, the employer could not be held liable for its action, or inactions, prior to that date." *Id.* And, in *Thomas v. Tri-County Metro. Serv. Dist.*, 2006 WL 3408030 *6 (D. Or. Nov. 22, 2006), the District Court reiterated that "(t)he employer is not, however, liable for conduct of which it is unaware. . . . The employer's liability, if any, runs from the time it knew or should have known about the conduct and failed to stop it", citing *Swenson, supra*.

In co-worker harassment cases, the "no notice, no liability" rule is bedrock. Where the alleged harassment is perpetrated by a co-worker, an employer can be held liable only where "'its own negligence is a cause of the harassment' ... An employer 'cannot be held liable for misconduct of which it is unaware. The employer's liability, if any, runs only from the time it knew or should have known about the conduct and failed to stop it'" (citing *Burlington Indus. v.*

*Ellerth*, 524 US 742, 759 (1998)). *Nguyen v. Honeywell Elec. Materials, Inc.*, 2006 WL 696303 *5 (E.D. Wash. Mar. 16, 2006).

The Superior Court has located no federal case decided under Title VII which holds that a defendant can be liable for co-employee harassment that happened before the defendant was placed on notice of the harassment. Instead, federal courts hold that an employer cannot be liable for harassment between co-workers unless and until it knows about it, after which it is only liable for continuing harassment.

Perez's stated position on this motion is that the Superior Court is liable for conduct Perez never complained about, and which the Superior Court otherwise never knew about. As the cases just discussed make clear, this is not the rule. If it was, then employers would be strictly liable without proof of negligence in Title VII co-employee harassment cases. This has never been the law under Title VII.[2]

**B.     The Superior Court Did Not Act Unreasonably In Response To Perez's Report of Harassment On February 16, 2006. Even If The Court Did Breach A Duty Of Care Owed To Perez, That Breach Caused No Federally Recognized Harm To Her.**

Assuming for the purpose of this motion that the Superior Court did breach a duty owed to Perez, which it denies, it is clear that any such breach of duty did not legally or proximately cause any violation of Title VII. This is because the only thing that Sgt. Ecle allegedly did after

---

[2] The Superior Court's motion is based on its lack of notice prior to February 16, 2006 and on the non-severity and non-pervasiveness of what happened thereafter. In fact, though, the Superior Court cannot be sued for anything Sgt. Ecle allegedly did to Perez prior to his return from deployment in the summer of 2005. Perez can present no evidence of harassment prior to 2005 because it is time-barred. Ecle was absent from the territory of Guam for seventeen (17) months, or more than five hundred (500) days, and Debbie had been deployed for at least a full year during that 17 months as well. Meno Declaration ¶5. "Both Title VII and the D.C. Human Rights Act have strict limitations periods. Under Title VII, a plaintiff must file an employment discrimination charge with the EEOC either 180 or 300 days after an 'alleged unlawful employment practice occurred.' 42 U.S.C. § 2000e-5(e)(1)." *Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 90 (D.D.C. 2007). Under EEOC law, the 300-day window applies when the plaintiff first filed a "complaint with a state or local agency with the authority to grant relief or to institute criminal proceedings. . . . Hence, Akonji was required to file a complaint with the EEOC within 300 days of the occurrence of the alleged unlawful employment practice." *Id.* at 91.

March 20, 2006 was stare at Perez a few times. Mere stares do not rise to the level of "severe or pervasive" harassment under Title VII. Mere stares are simply not a violation of Title VII.

### C. As Matter of Law, Sgt. Ecle's Alleged Conduct Between February 16, 2006 And April 18, 2006 Was Not Severe Or Pervasive Enough To Constitute A Violation Of Title VII.

At her deposition, Perez admitted under oath that all Sgt. Ecle did after February 16, 2006 is stare at her a few times. In its moving papers, the Superior Court took a very simple approach to this discrete ground requiring summary judgment. It said, essentially, "whatever test you use, subjective, objective, reasonable man, reasonable woman, whatever, mere stares don't violate Title VII". To support this simple position, at pp. 15-17 of its initial memorandum the Superior Court cited no less than twenty (20) separate Title VII cases holding that mere "staring" without more is never severe or pervasive enough to violate Title VII. To oppose this part of the Superior Court's motion, Perez needed to find federal cases decided under Title VII holding that stares alone can violate federal law. Perez was unable to do this.

Failing to find any case law to support her cause of action for discrimination based on rude looks, in opposing the Superior Court's motion Perez attempts to complicate things. Thus, in responding to the Superior Court's simple argument that "staring doesn't violate Title VII", Perez breaks up her brief into seven (7) separately-enumerated sections, at pp. 8-17. These are Sections III.B., III.B.1., III.B.2., III.B.3., III.C., III.C.1., and III.D. But nowhere does Perez make any effort to address or distinguish the twenty (20) "staring" cases relied upon by the Superior Court in its moving papers.

In Section III.D. of her brief, at p. 16, Perez writes that "courts routinely use evidence of following and/or staring to support a finding of severity or pervasiveness." This sentence is true, as written. When an employee follows or stares at a co-worker, this is may very well be "evidence" of

potential severe or pervasive harassment. But merely staring at a co-worker is insufficient to violate Title VII. Space limitations preclude a full examination of each of the supposed "mere staring" cases Perez relies on, but suffice it to say that each of her cited cases involved staring <u>combined with</u> conduct far more egregious, including kidnapping and forcible rape (*Yamaguchi v. United States Department of the Air Force*, 109 F.3d 1475, 1478 (9th Cir. 1997)), sexual assault on multiple victims (*Hirase-Doi v. U.S. West Communications, Inc.*, 61 F.3d 777 (10th Cir. 1995)), throwing lit cigarettes and other objects and screaming (*Cross v. Alabama Department of Mental Health and Mental Retardation*, 49 F.3d 1490, 1495 (11th Cir. 1995)), obscene phone calls and lascivious language (*Westvaco v. United Paperworkers International Union*, 171 F.3d 971, 972-73 (4th Cir. 1999)), pervasive lewd graphic language (*Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1462 (9th Cir. 1994)), and repeated public groping (*Hathaway v. Runyon*, 132 F.3d 1214, 1217 (8th Cir. 1997)). There is no evidence of any of that in this case after February 16, 2006.

Perez even cites a state case decided under state law (*Perry v. Costco Wholesale, Inc.*, 98 P.3d 1264 (Wash. Ct. App. 2004)) in an effort to oppose the Superior Court's motion. State law cases decided under state law have no applicability in this federal title VII case in federal court. None of Perez's cases derogate from the rule that mere staring is not a violation of Title VII. There are other cases discussed by Perez in Sections III.B., III.B.1., III.B.2., III.B.3., III.C., III.C.1., and III.D. of her brief, but none of them are "staring" cases. Perez has failed to adduce any evidence that Sgt. Ecle's handful of stares at Perez after February 16, 2006 violated Title VII.

### D. There Is No Evidence Of Any Harassment "Because of Sex".

This ground for summary judgment is addressed in Section III.D. of Perez's brief, at pp. 16-17. All but three of the cases Perez relies upon her are "staring" cases that have just been discussed above. The three non-staring cases are *Avdyli v. Barnhart*, 2007 WL 57601 (N.D. Ill. 2008), *Smith v.*

*Sheahan*, 189 F.3d 529 (7th Cir. 1999), and *Curde v. Xytel Corp.*, 912 F. Supp. 335, 337 (N.D. Ill. 1995). Inasmuch as these cases hold conduct need not be sexual in nature to be actionable, as long as it is harassment based on the gender of the victim, the Superior Court agrees with them. But here Perez cannot point to evidence that Sgt. Ecle stared at Perez because of her gender.

## IV. CONCLUSION

Based on the evidence that has been presented to the Court by each party on this motion for summary judgment, the Superior Court cannot be liable for any harassment that occurred before February 16, 2006, when the harassment was first reported by Perez. Moreover, as a matter of Title VII law, Sgt. Ecle's alleged "stares" after February 16, 2006 were insufficiently "severe or pervasive" to constitute a violation of Title VII.

Dated: 06/12/09   By: _____
**TIM ROBERTS, Esq.**
DOOLEY ROBERTS & FOWLER LLP
Attorney for the Superior Court of Guam

Dated: 6/12/09   By: _____
**B. ANN KEITH, Esq.**
SUPERIOR COURT OF GUAM
Attorney for the Superior Court of Guam

TR J144.01-003