Tim Roberts, Esq.
DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
Roberts@guamlawoffice.com

Attorneys for Defendant
Superior Court of Guam

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBBIE ANN REYES PEREZ, ) | CIVIL CASE NO. CV08-00007 |
| ) | |
| Plaintiff, ) | |
| ) | MOTION AND MEMORANDUM |
| vs. ) | IN SUPPORT OF MOTION |
| ) | TO STRIKE OR EXCLUDE |
| SUPERIOR COURT OF GUAM, ) | PLAINTIFF'S JUNE 30, 2009 |
| ) | "DECLARATION OF FACTS" |
| Defendant. ) | |

### MOTION TO STRIKE OR EXCLUDE

After all the briefing was researched, filed and served in connection with the Superior Court's Motion for Summary Judgment, Plaintiff Debbie Perez filed a "Declaration of Facts" on June 30, 2009. The Superior Court moves for an order striking or excluding the Declaration for the following reasons.

**ORIGINAL**

Debbie Ann Perez vs. Superior Court of Guam
U.S. District Court of Guam Civil Case No. CV08-00007
Motion and Memorandum in Support of Motion to Strike or Exclude

# MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR EXCLUDE

A. **Parties Cannot File Sworn Declarations Contradicting Their Prior Sworn Deposition Testimony To Defeat Motions For Summary Judgment. The "Declaration of Facts" Should Be Stricken.**

This is a well-known and consistently-enforced rule in the federal circuits. There could be no other rule, or summary judgment would be basically impossible. For example, in *Ransom v. Greenwood*, 288 Fed. Appx. 396, 397 (9th Cir. 2008), the Ninth Circuit affirmed the District Court's entry of summary judgment where the plaintiff's "sham affidavit contradicted his prior deposition testimony," and therefore that affidavit "could not be used to defeat the motion for summary judgment." The *Ransom* court expressly relied on the Ninth Circuit's 1975 decision in *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 543-44 (9th Cir. 1975), one of the most important cases ever decided by that Court. In *Radobenko*, discussing a late-filed affidavit that conflicted with earlier deposition testimony, the Ninth Circuit held:

> While the facts embraced in these three recitals are both material and relevant to the issues raised by the pleadings, we reject appellants' efforts to characterize them as genuine issues of fact. When confronted with the question of whether a party should be allowed to create his own issue of fact by an affidavit contradicting his prior deposition testimony, the Court of Appeals for the Second Circuit held that no genuine issue of fact was raised. *Perma Research & Development Co. v. The Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969). Therein the Court noted: "if a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." 410 F.2d at 578. The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the

2

Debbie Ann Perez vs. Superior Court of Guam
*U.S. District Court of Guam Civil Case No. CV08-00007*
Motion and Memorandum in Support of Motion to Strike or Exclude

former may subject the moving party to the burden of trial. … Here we are convinced that the issues of fact created by Radobenko are not issues which this Court could reasonably characterize as genuine; rather, they are sham issues which should not subject the defendants to the burden of a trial. Thus, we hold that the District Court properly found that there was no genuine issue as to any material fact."

*Radobenko,* 520 F.2d at 544.

*Accord, Zorn v. Helene Curtis, Inc.,* 903 F. Supp. 1226, 1234 n.8 (Ill. 1995) ("Where depositions and affidavits conflict, the affidavit is to be disregarded unless it is demonstrable that the deposition testimony was mistaken"); *See also, Longin v. Kelly,* 875 F. Supp. 196, 203 n.8; *Schuyler v. United States,* 987 F. Supp. 835 (N.D. Cal. 1997); *Federal Deposit Ins. Corp. v. Betancourt,* 865 F. Supp. 1035 (N.Y. 1994) (later affidavit contradicting deposition testimony disregarded).

In this case, Plaintiff Perez's Declaration materially conflicts with her prior deposition. Most importantly, the pending motion relies heavily upon the uncontradicted evidence that the Superior Court had no knowledge of any alleged acts of harassment inflicted upon Perez by Ecle prior to February 16, 2006, when Perez first mentioned the claimed harassment to Marshal John Taijeron. In her late-filed Declaration, at ¶ 21, Perez now swears that during her meeting with Marshal Pito Cruz on April 18, 2006, he calmly told her that there had been "other complaints" made against Ecle. This stands in sharp contrast to her prior, sworn deposition testimony on January 29, 2009. At her deposition, Perez swore that Marshal Cruz was "shocked" to hear of other complaints against Ecle. Perez Depo., at p. 87:13-25. Perez cannot have it both ways. In fact, under *Radobenko* and its progeny, Perez can have it only one way -- the way she testified at her

Debbie Ann Perez vs. Superior Court of Guam
U.S. District Court of Guam Civil Case No. CV08-00007
Motion and Memorandum in Support of Motion to Strike or Exclude

deposition, when she said that Marshal Cruz was "shocked" to hear about prior complaints against Ecle, which means that he did <u>not</u> know about any such prior complaints. Perez's sham Declaration must be stricken or ignored.

Perez's Declaration of Facts diverges materially in numerous other respects from her prior, sworn deposition testimony, but in fact, none of her new stories would affect the Superior Court's pending motion for summary judgment, even if these stories were accepted by the Court. This is because all of the new stories involve events that happened before February 16, 2006, when the Superior Court was first placed on notice that Perez believed Ecle was harassing her. However, they do serve as good examples of what lengths Perez will go to in an effort to avoid summary judgment. For example, in her Declaration, at ¶ 14, Perez states that in "early February 2006" Ecle grabbed her, pinned her arms to her side, lifted her off the ground and forcefully kissed her. But at her deposition on January 29, 2009, she said the last time Ecle ever touched her was in 2005, "before the holidays." Perez Depo., pp. 57:8-25; 58:1-13. ("2005. I know it was 2005. It was before the holidays." Id. at p. 58:12-13). There was never any physical contact between them after that. Perez Depo., pp. 59-60; 63.

**B.     The Statements Attributed To Marshal Pito Cruz in the "Declaration of Facts" Lack Foundation. Those Statements Should Be Excluded Under Fed. R. Evid. 403.**

Perez's Declaration in ¶ 21 must be stricken not only as contradictory, but as inadmissible under the Federal Rules of Evidence, for many reasons. Perez presumably seeks to have Marshal Cruz's statement admitted under Fed. R. Evid. 801(d)(2)(D). This

Debbie Ann Perez vs. Superior Court of Guam
*U.S. District Court of Guam Civil Case No. CV08-00007*
Motion and Memorandum in Support of Motion to Strike or Exclude

Rule states that "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay. However, merely satisfying Rule 801(d)(2)(D) does not make such a statement admissible. After a statement is classified as non-hearsay, "[t]he question remains whether there are other objections." *Mister v. Northeast Ill. Commuter R.R. Corp.*, 2009 WL 1956333, *3 (7th Cir. 2009). No rules of civil procedure "stand for the proposition that Rule 801(d)(2) trumps all other Federal Rules of Evidence." *Id.* For example, Fed. R. Evid. 403 requires the Court to determine whether the prejudicial effect of admitting such evidence outweighs its probative value and thereby renders it inadmissible. At issue in *Mister* was a report made by the defendant's agent that was "derived from multiple levels of hearsay." *Id.* Although the report stated that a similar accident had occurred in the "same spot," it did not specify where that spot was. There was no basis to conclude that the plaintiff had slipped and fallen in the same location as the person named in the report. *Id.* The *Mister* court affirmed the District Court's exclusion of the report because it was "unreliable based on the multiple levels of hearsay and lack of precise factual statements."

This Court is presented with a similar situation. In Perez's Declaration of Facts, Marshall Cruz is alleged to have "commented" on April 18, 2006 that there had been "other complaints filed or made against Ecle". The court should similarly exclude this alleged statement made by Marshal Cruz on the grounds that it is "unreliable based on the multiple levels of hearsay and lack of precise factual statements." First, Marshal Cruz did not tell Perez whether these complaints were made to him, in which case they were hearsay, or to others, in which case they were at least double hearsay. Second, Marshal

Debbie Ann Perez vs. Superior Court of Guam
*U.S. District Court of Guam Civil Case No. CV08-00007*
Motion and Memorandum in Support of Motion to Strike or Exclude

Cruz did not tell Perez whether these alleged "prior complaints" were made before or after February 16, 2006. If made <u>after</u> that date, the alleged prior complaints are meaningless, since nothing Ecle allegedly did to Perez after that date constituted a violation of Title VII. If made before February 16, 2006, but <u>after</u> "the holidays" in 2005, the same result obtains, since all that Ecle did between the holidays in 2005 and April 18, 2005 was look at Perez in ways she felt were offensive. Marshal Cruz's failure to tell Perez when these supposed complaints were made renders his alleged statement to Perez meaningless for lack of foundation. Third, Marshal Cruz also failed to tell Perez what kind of "prior complaints" were made. Were they for tardiness, or for failing the dress code, or for being rude to male co-workers? Marshal Cruz did not say. As in *Mister*, the alleged statement of Marshal Cruz must be excluded because it is "unreliable" based on its lack of precision.

### C.   Conclusion.

1.   <u>Motion to Strike</u>. Realizing that the undisputed facts in this case require the entry of summary judgment in favor of the Superior Court, Perez decided to try to change those facts by filing a Declaration of Facts that contradicted her prior deposition testimony. This is prohibited by *Radobenko* and its progeny. She has offered no explanation why her prior testimony was mistaken. The law dictates that the court disregard this affidavit. Should Perez decide to reply to this Motion to Strike by filing a second Declaration, that Declaration, too, would necessarily be different than both her deposition testimony and her first Declaration. This would also prohibited by *Radobenko*, et al.

Debbie Ann Perez vs. Superior Court of Guam
*U.S. District Court of Guam Civil Case No. CV08-00007*
Motion and Memorandum in Support of Motion to Strike or Exclude

2. <u>Motion to Exclude.</u> Marshal Cruz did not say who made the alleged prior complaints against Ecle, when they were made, how he heard about them, whether they were made directly to him or whether someone else told him about the complaints, whether that other person had personal knowledge of the complaints, or whether he, too, was relying on hearsay, or whether they were complaints about sexual harassment or other workplace practices. Under *Mister v. Northeast Ill. Commuter R.R. Corp.*, 2009 WL 1956333, *3 (7th Cir. 2009), Marshal Cruz's alleged statements should therefore be excluded under Fed. R. Evid. 403 as being "unreliable based on the multiple levels of hearsay and lack of precise factual statements."

Dated this 16th day of July, 2009.

DOOLEY ROBERTS & FOWLER LLP

By: _____
**TIM ROBERTS**
Attorneys for Defendant
Superior Court of Guam