TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Debbie Ann Reyes Perez*

**FILED**
**DISTRICT COURT OF GUAM**

AUG 04 2009

JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| DEBBIE ANN REYES PEREZ, | ) | CIVIL CASE NO. CV08-00007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S OPPOSITION TO** |
| vs. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **STRIKE OR EXCLUDE** |
| SUPERIOR COURT OF GUAM, | ) | **PLAINTIFF'S JUNE 30, 2009** |
| | ) | **"DECLARATION OF FACTS"** |
| Defendant. | ) | |

----------

**I. INTRODUCTION.**

On April 27, 2009, Defendant Superior Court of Guam filed its Motion for Summary Judgment in the instant action. On June 30, 2009, Plaintiff filed a Declaration of Facts in support of its opposition to Defendant's Summary Judgement motion. Defendant now moves to strike or exclude the declaration. As explained below, Defendant's motion to strike or exclude is premised on faulty comparisons of evidence before the court and flawed understandings of applicable law.

///

///

## II. DEBBIE PEREZ'S JUNE 30, 2009 DECLARATION OF FACTS IS PROPERLY BEFORE THE COURT.

### A. Debbie Perez's Declaration does not materially conflict with her earlier deposition testimony.

Defendant's position is that Perez's Declaration of Facts "materially conflicts with her prior deposition." Defendant asserts that the deposition testimony of Perez relating that Marshal Pito Cruz being "shocked" with regard to Ecle's harassment is incongruent with the Declarant's account that other complaints were made against Ecle. The statements are not materially in conflict.

Contrary to Defendant's characterization of the deposition testimony, Perez stated simply that "the chief *sounded* shocked." Perez Deposition at p. 87, ln. 25 (emphasis added). The conflicting statement that Defendant divines from the deposition simply does not exist. Perez's deposition does not say that "the chief was shocked because he never heard of other Ecle complaints" or that "the chief was shocked and stated that Ecle has never been the object of similar complaints." Such statements may indeed conflict with the Declaration currently at issue, but, to be sure, no such prior statements have been made. Simply put, the two statements at issue are not in conflict.

Perez's Deposition testimony relates that Valerie Cruz, Chief Pito Cruz's secretary. In the deposition Ms. Perez was being queried on who she had spoken to about her complaints about Ecle and specifically whether she had spoken to Val Cruz. She responded that she had at the Chief's office on April 18, 2006. Perez then stated that Val Cruz "... believed her because Alan assaulted me too." The next two questions and answers transcribed in Perez's Deposition at pg. 87 and 88, ln. 24-5, Exhibit A to Torres' Declaration, were:

Q. What else did she say?

A. And the chief sounded shocked. He said, what? When did this happen? And so he asked Valerie to tell him what happened

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Q. What did she say?

A. She said that he grabbed her breasts and she told him to stop.

Defendant's characterization that Chief Cruz was shocked to hear of other complaints against Ecle is a limited reading of the testimony and reconstrues the deposition testimony. Chief Cruz was shocked to hear that his own secretary was a victim of Ecle's unlawful behavior. Perez's Declaration states that "Chief Pito Cruz commented that there had been other complaints filed or made against Ecle." Declaration of Debbie Perez, ¶ 21, filed June 30, 2009. Though the statements are different, they are not in conflict with each other. Defendant's *non sequitur* argument is that "sounding shocked" completely precludes the prior existence of complaints against Ecle is contrary to the scope and context of the relevant deposition testimony of Perez.

Furthermore, there exist corroborating documents regarding the circumstances of the meeting that support Perez's declaration. The next day, April 19, 2006 Perez wrote a confidential incident report to Chief Cruz. On page four Perez recounts the meeting the day before attended by Chief Cruz, Supervisor Manglona, Marshall Roberto and Secretary Valerie Cruz. *See* Exhibit B to Torres Declaration. Chief Cruz also recounted in his deposition what happened at the meeting on the 19th. *See* Exhibit C to Torres' Declaration. Chief Cruz was asked:

Q. Okay, As the Chief Marshall, what action did you take if any, after receiving the complaint from Debbie Perez?

A. I initially told her to, you know, *after all those that was brought up to my attention*, I told her to be careful, you know, when she's going out, or to take extra security, you know, get our security up more on traveling, where ever she's going and not to meet with Ecle or stuff like that. (Emphasis added).

Obviously, Chief Cruz was dealing with more information than just Perez's complaints against Ecle

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

and felt the need to warn Perez about her need to use security and caution to avoid Ecle.

        A.    **Defendant's reading of *Rodabenko* is overly expansive and does not comport with the Ninth Circuit's subsequent limitation of that case.**

Even if this court were to conclude that conflict exists between Perez's Declaration and her earlier deposition, this fact does not require the exclusion of the Declaration as Defendant argues. Defendant contends that Courts, when faced with a conflict between a deposition and a subsequent affidavit, are held to a blackline rule that mandates exclusion of the affidavit.

To support its contention, Defendant cites— with the editorial comment describing the case as "one of the most important cases ever decided by that court"— to ***Radobenko v. Automated Equip. Corp.***, 520 F. 2d 540 (9th Cir. 1975). Defendant's reliance on ***Radobenko*** and its related progeny is misplaced. In subsequent review of the ***Radobenko*** rule on affidavits, the Ninth Circuit Court of Appeals explained, "(the (***Radobenko***) rule does not automatically dispose of every case in which a contradictory affidavit is introduced to explain portions of earlier deposition testimony. Rather, the ***Radobenko*** court was concerned with *'sham'* testimony that flatly contradicts earlier testimony in an attempt to *'create'* an issue of fact and avoid summary judgment. Therefore, before applying the ***Radobenko*** sanction, the district court must make a factual determination that the contradiction was actually a 'sham.'" ***Kennedy v. Allied Mutual Insurance Co.***, 952 F. 2d 262, 266-267 (9th Cir. 1991) (emphasis added).

Just this month the Ninth Circuit again revisited ***Radobenko*** and noted that " the 'sham affidavit' rule does not preclude the non-moving party 'from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition' and that *'minor inconsistencies* that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit.'" ***Nelson v. City of Davis***, --- F.3d ----, 2009

WL 1925909, *3 (9th Cir. Jul 07, 2009) (emphasis added) *quoting* **Scamihorn v. Gen. Truck Drivers**, 282 F.3d 1078, 1086 n. 7 (9th Cir. 2002). The *Nelson* court went on to specifically depart from other jurisdictions and stated that it would eschew any rule that would hold "that a contradictory deposition can never create an issue of fact..." This court must hold to that standard, rather than the categorical exclusion position that Defendant urges.

Nothing before this court suggests that Perez created a "sham" declaration in a desperate attempt to avoid summary judgement. To the contrary, as Plaintiff has briefed in her opposition to Defendant's Motion for Summary Judgement, the Superior Court's actual knowledge of the harassment inflicted upon Perez by Ecle prior to February 16, 2006 is not dispositive in this case. It makes little sense for Plaintiff to argue in an opposition that the February 16, 2006 date is not determinative of liability and then concoct a "sham" affidavit to demonstrate that the Defendant had prior knowledge of Ecle's behavior.

In **Radobenko,** supra, the subsequent affidavit was *directly* in conflict with the prior deposition testimony and was obviously submitted simply to create conflicting facts in the hopes of precluding summary judgement. Radobenko had stated in his deposition that he was offered employment with a company, and then subsequently in his summary judgement opposition affidavit denied being offered employment. Radobenko also stated in his earlier deposition that he agreed to go on a leave of absence, then denied such an agreement in his affidavit. Radobenko's deposition included testimony about how we quit his job, and his affidavit denied that he quit. **Radobenko** at p. 544. These plain and direct contradictions clearly warranted exclusion of the later affidavit. These facts are completely distinguishable from the instant Matter. There are no directly conflicting "sham" statements for Defendant to point to in support of its motion, and its motion must therefore be denied.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
Case 1:08-cv-00007 Document 38 Filed 08/04/2009 Page 5 of 9
-5-

B. **STATEMENTS ATTRIBUTED TO MARSHALL PITO CRUZ IN THE DECLARATION OF FACTS ARE PROPERLY ADMITTED UNDER THE FEDERAL RULES OF EVIDENCE.**

    A.    Pito Cruz's Statement is admissible as non-hearsay.

As Defendant itself points out, Pito Cruz's statement with regard to prior Ecle complaints is properly admissible under Rule 801(d)(2)(D) of the Federal Rules of Evidence (FRE) as an admission of a party opponent. Furthermore, Defendant's "double hearsay" warning with regard to the Pito statement contained in Perez's declaration simply does not hold water. Since Cruz's statement to Perez is non-hearsay, no double hearsay can be argued. At most, Defendant can point to a hearsay statement made to Pito Cruz and relayed as a non-hearsay admission under FRE 801. As such, the statement that is purported to be hearsay could be admissible under any number of single exceptions, including as a present sense impression under FRE 803 (1); a then existing mental, emotional, or physical condition under FRE 803(3); a recorded recollection under FRE 803(5); or— most likely— as a record of the regularly conducted activity of Pito Cruz who was officially tasked with fielding and recording such harassment complaints.

Despite the numerous hearsay exceptions that would apply to the Pito Cruz statement, the statement— and any statements relied upon by Cruz— can be admitted *because they are not being offered for the truth of the matter asserted in the statements*. This, by definition, places the statements outside of the sphere of hearsay. *See* FRE 801(c). The Cruz statement is not offered to prove that Ecle had committed other acts, but, rather, that the Superior Court had notice of other acts and complaints and cautioned Perez about her future movements so as to avoid Ecle. This distinction is enough to allow the entire Pito Cruz statement to be admitted.

///

### B. A Proper Foundation exists to admit the Pito Cruz statement.

Defendant suggests that the inability to precisely identify the timing of the complaints against Ecle that Pito Cruz referred to renders his statement "meaningless for lack of foundation." Under the Federal Rules imprecision affects the weight given to evidence, rather than its admissibility. *See Generally Wachner v. Aramark Educational Services, Inc.*, not reported in F.Supp.2d, 2004 WL 1379566 (D.Or.,2004) (ruling, as part of summary judgement proceeding and motion to strike, that Plaintiff's statement was admissible despite fact that parties disagreed as to when Defendant received notice of EEO complaint); *U.S. v. Oaxaca*, 569 F.2d 518, 526 (9th Cir. 1978) (holding that the imprecise character hair identification in the case went to the weight of the testimony, rather than its admissibility); *U.S. v. Davis*, 557 F.2d 1239, 1246 (8th Cir. 1977) (rejecting, in a criminal case, "defendant's contention that a witness must be able to recall the exact date that a statement was made.") Though defendant can point to the lack of an attributed date for Pito Cruz's statement, this fact is legally insignificant *vis a vis* the admissibility of Perez's Declaration.

Defendant also argues that the statement lacks "foundation." This is a curious argument, given the fact that the statement is attributed to a party opponent and the declarant of the statement was specifically tasked with taking such complaints. The statement directly relates to the harasser's behavior and the statement itself is contained in the declaration of the plaintiff who executed her declaration under penalty of perjury.

Defendant may be making a tangential relevancy objection on the grounds that statements made regarding Ecle after February 16, 2006 are irrelevant because they do not, according to the defendant, relate to Title VII violations. This objection must fail as well because, as Plaintiff has already briefed, "subsequent actions of a harasser that, by themselves might not constitute

harassment, may be viewed as such following extreme actions that would reasonably lead the victim to believe the harasser could do anything." ***Perry v. Costco Wholesale, Inc.***, 123 Wash.App. 783, 799, (Wash.App. Div. 1, 2004). Though Defendant may argue that staring in and of itself is not harassment sufficient to establish a hostile work environment, ***Perry*** makes it plain that Perez's interpretation of Ecle's staring— when viewed in light of the earlier sexual assaults perpetrated against Perez by Ecle— supports a hostile work environment claim and makes the Pito Cruz statement relevant.

Finally, Defendant characterizes, at page three of its motion, Perez's declaration as "late filed". Rule 56(c) states, in pertinent part, that "The adverse party prior to the date of hearing may serve opposing affidavits." The hearings on the Motion to Dismiss, as well as this motion to strike have not been calendared for hearing, thus Perez's declaration is not late filed.

C. **CONCLUSION.**

Defendant's conclusion that Perez's June 30, 2009 Declaration materially conflicts with her prior deposition is wrong. Ninth Circuit case law demonstrates that no *per se* rule calls for the exclusion of declarations that conflict with earlier depositions. The statements contained in the timely filed Declaration are fully admissible under the Federal Rules of Evidence. Defendant's Motion should be denied in its entirety.

Dated this 4th day of August, 2009.

TEKER TORRES & TEKER, P.C.

By: /s/ Phillip Torres
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, PHILLIP TORRES, hereby certify that a true and exact copy of the foregoing document was duly served on Defendant, on August 4, 2009, by hand delivering said copy to her counsel of record:

**Thomas L Roberts, Esq.**
**DOOLEY, ROBERTS & FOWLER, LLP**
865 S. Marine Corps. Dr.
Ste. 201, Orlean Pacific Plaza
Tamuning, Guam 96913.

DATED at Hagåtña, Guam, on August 4, 2009.

_____
PHILLIP TORRES, ESQ.

M:\COMMON\USERS\JOSH\PEREZ STRIKE OPPOSITION.wpd