Tim Roberts, Esq.
DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
Roberts@guamlawoffice.com

Bridget Ann Keith
SUPERIOR COURT OF GUAM
Guam Judicial Center
120 W. O'Brien Drive, Suite 300
Hagåtña, Guam 96910
Telephone No. (671) 475-3526
Facsimile no. (671) 477-3184
akeith@mail.justice.gov.gu

Attorneys for Defendant
Superior Court of Guam

FILED
DISTRICT COURT OF GUAM

AUG 3 1 2009

JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBBIE ANN REYES PEREZ, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUPERIOR COURT OF GUAM, ) <br> ) <br> Defendant. ) <br> _____) | CIVIL CASE NO. CV08-00007 <br><br> **REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE OR EXCLUDE** |

Defendant Superior Court of Guam responds to plaintiff's opposition to its motion to strike or exclude plaintiff's June 30, 2009 "Declaration of Facts" as follows. Plaintiff simply tries to create too many inferences from too few facts.

**ORIGINAL**

Debbie Ann Reyes Perez vs. Superior Court of Guam
*District Ct. of Guam Civil Case No. CV08-00007*
Reply Brief in Support of Motion to Strike or Exclude

Plaintiff asserts that Chief Marshal Pito Cruz made a statement in his deposition regarding prior complaints about Ecle. This is not so. The actual exchange at the deposition, found in "Exhibit C" to the Declaration of Counsel filed August 4, 2009, reads as follows:

> Q  Okay. As the Chief Marshal, what action did you take if any, after receiving the complaint from Debbie Perez?
>
> A  I initially told her to, you know, after all those that was brought up to my attention, I told her to be careful, you know, when she's going out, or to take extra security, you know, get our security up more on traveling, where ever she's going and not to meet with Ecle or stuff like that.

As with much conversational English when reduced to print, Mr. Cruz's statement is not a model of clarity. However, he said nothing about prior complaints. The phrase "all those that was brought up to my attention" appears to refer to the multitude of allegations made by Perez herself at the meeting that was being discussed. If Perez and her counsel had thought that this language somehow referred to prior harassment complaints against Ecle by other women, presumably they would have sought to establish this with follow-up questions at the Chief Marshal's deposition.

The lack of a foundation and lack of relevance is even clearer with regards to the plaintiff's statement in the challenged "Declaration of Facts" that "[d]uring our meeting, Chief Pito Cruz commented that there had been other complaints filed or made against Ecle." This statement alone does not show that Chief Marshal Cruz had notice prior to Ecle's alleged harassment of plaintiff that Ecle was likely to engage in such behavior. There is no information as to when the other complaints were made, i.e., whether or not they were made prior to the alleged incidents giving rise to this action so that it would be chronologically possible for a response to such complaints to have prevented those incidents. There is no information as to the substance of the alleged "other complaints". For example, were there complaints that Ecle was harassing female co-workers, or

2

Debbie Ann Reyes Perez vs. Superior Court of Guam
*District Ct. of Guam Civil Case No. CV08-00007*
Reply Brief in Support of Motion to Strike or Exclude

were there complaints that he was late for work? There is no information as to whether or not the complaints were sufficiently credible so as to justify or require a response by the Superior Court.

The current issue is very similar to the issue that arose in Mason v. Wal-Mart Stores, Inc., 91 S.W.3d 738 (Mo. App. 2002). In Mason, the female plaintiff alleged that her employer had notice of a male co-worker's improper behavior because other female employees had told a certain Ms. Slater about the co-worker's improper conduct towards them. The court held that this testimony was inadmissible, stating the following:

> [T]he evidence was not relevant on the issue of notice because no evidence was offered as to when Ms. Slater received the complaints of the other women. To be liable for the sexual harassment of Ms. Mason by Mr. Rowland, Wal-Mart must have known or should have known of the harassment and failed to take appropriate remedial action. . . . For Wal-Mart to have had constructive notice of Mr. Rowland's improper conduct through the complaints of other women, complaints by the other women would have had to have been made to Wal-Mart prior to Mr. Rowland's alleged harassment of Ms. Mason in October and November 1998. The evidence was not clear when the other women told Ms. Slater about Mr. Rowland's alleged harassment of them. . . . Without evidence that the other women complained to Ms. Slater before Ms. Mason's complaints in October and November 1998, Wal-Mart could not have been on constructive notice of Mr. Rowland's alleged harassment of Ms. Mason. Thus, the testimony of Ms. Slater did not provide probative value on the issue of Wal-Mart's constructive notice.

*Id.* at 743-44.

In the current case, as in Mason, there is no evidence as to when the "other complaints" about Ecle were made. Without evidence that such "other complaints" were made before "the holidays" in 2005, the alleged statement made by Pito Cruz is inadmissible for lack of foundation. If the alleged complaints were made after the holidays in 2005, they are irrelevant and inadmissible, since nothing that happened after that was a Title VII violation. If they were made before that, they would be relevant and admissible, subject to other evidentiary objections. It is one of the other. But

3

Debbie Ann Reyes Perez vs. Superior Court of Guam
*District Ct. of Guam Civil Case No. CV08-00007*
Reply Brief in Support of Motion to Strike or Exclude

it is not up to the jury to make the call. It is up to the Court, under Fed. R. Evid. 104, as a "Preliminary Question". And it was up to Perez to introduce foundational facts sufficient enough for the Court to make a ruling on the admissibility of Pito Cruz's alleged statement. This, she did not do. This is not, as argued by Perez, an issue of weight. Rather, under Mason v. Wal-Mart, it is an issue of admissibility.

Perez's statement in her declaration concerning the alleged statement of Chief Marshal Cruz is not admissible, because it is not relevant on the issue of notice and it has no probative value. See, Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.")

The cases cited by Perez on this issue are miles off point. None of them address the issue under discussion. Perez' citation to them evidences her misunderstanding of the nature of the Superior Court's motion to exclude.[1]

For the foregoing reasons, the Superior Court's motion to strike or exclude should be granted.

Respectfully submitted,

DOOLEY ROBERTS & FOWLER LLP

Date: August 31, 2009    By: _____
**TIM ROBERTS**
Attorneys for Defendant
Superior Court of Guam

---

[1] And Perez's continued reliance on Perry v. Costco Wholesale, a state law case decided under state law, merely serves to underscore how heavily the federal cases decided under federal law weigh against her.

4