IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| DEBBIE ANN REYES PEREZ, | ) | Civil Action No. CV08-00007 |
| | ) | |
| Plaintiff | ) | ORDER DENYING MOTION |
| | ) | TO STRIKE DECLARATION; |
| v. | ) | DENYING DEFENDANT'S |
| | ) | MOTION FOR SUMMARY |
| SUPERIOR COURT OF GUAM, | ) | JUDGMENT; TAKING TRIAL |
| | ) | OFF-CALENDAR; and, |
| Defendant | ) | DIRECTING PARTIES TO |
| | ) | MEET AND CONFER |

THIS MATTER is before the court[1] on defendant's April 27, 2009, motion for summary judgment and July 17, 2009, motion to strike or exclude plaintiff's June 30, 2009, declaration. Plaintiff is represented by her attorney, Phillip Torres; defendant is represented by its attorney, Tim Roberts.

---

[1] This matter was assigned to Designated Judge Alex R. Munson by order dated August 5, 2009.

In the interests of conserving the resources of the court and the parties, the court will decide the motions without the necessity of oral argument.

As an initial matter, the court will not strike plaintiff's June 30, 2009, declaration, nor will it consider it in deciding the motion for summary judgment. The declaration was filed outside the time limits set by the court's case management scheduling order of June 10, 2009, and no motion was made to expand those time limits for good cause shown. The declaration has been filed and will remain a matter of record.

As is well known, Rule 56 of the Federal Rules of Civil Procedure states, in part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All that is required from the non-moving party is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 1592 (1968).

The court must view the evidence in the light most favorable to the non-moving party; if direct evidence from both parties conflicts, summary judgment must be denied. *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

2

Case 1:08-cv-00007   Document 44   Filed 09/03/2009   Page 2 of 5

Most important here is that a trial court may not weigh conflicting versions of fact on a motion for summary judgment. "Rule 56 calls for the judge to determine whether there exists a genuine issue for trial, not to weigh the evidence himself and determine the truth of the matter." *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 (9th Cir.), *cert. denied William v. Baxter*, 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). "[A] court can only enter a summary judgment if *everything* in the record---pleadings, depositions, interrogatories, affidavits, *etc.*---demonstrates that no genuine issue of material fact exists." Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980) (emphasis in original). *See also* Bieghler v. Kleppe, 633 F.2d 531, 534 (9th Cir. 1980) (holding that the "determination [as to the persuasiveness of plaintiffs' evidence] is not to be made on a motion for summary judgment, even if the trial judge is convinced plaintiffs will eventually lose.").

Here, the filings of the parties are replete with genuine issues of material fact as to who said what, had notice of what, and when those events occurred.[2] There are

---

[2] For example, the nature and extent of the interaction of Marshal Ecle with plaintiff; Officer Taijeron's actions, if any, in regard to plaintiff's complaints of sexual harassment; Chief Marshal Cruz's actions, if any, in regard to Officer Taijeron's report to him of the alleged sexual harassment; the issue surrounding whether or not plaintiff wished to file an "official" or "unofficial" complaint, and what her understanding was of the differences between the two complaints, and the "reasonableness" of defendant's response to plaintiff's complaints.

3

further issues as to what, if anything, was done to address plaintiff's alleged complaints. The court is precluded from granting summary judgment for to do so would require it to weigh the evidence. Further, lawsuits of this nature are best resolved by giving the trier of fact the opportunity to see and hear the witnesses and to closely observe their demeanor while on the witness stand. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] ruling on a motion for summary judgment . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson, supra*, at 255. Accordingly,

IT IS ORDERED as follows:

1. The motion to strike plaintiff's June 30, 2009, declaration is denied; and,

2. Defendant's motion for summary judge is denied; and,

3. To accommodate the court's schedule, **the trial date of November 9, 2009, must be taken off-calendar** and is hereby done so until further order of the court, after consultation with the parties; and,

4. The parties are directed to meet and confer to select a date and time on November 18, 19, or 20, 2009, for a status/settlement conference at the District Court of Guam. One of the parties' attorney shall contact Judge Munson through his law clerk, Randy K.R. Schmidt (670.236.2900), to communicate the date and time

selected by the parties. An order shall thereafter issue confirming the date and time. **An attorney or party with full settlement authority must attend the status/settlement conference.**

DATED this 3rd day of September, 2009.

_____
ALEX R. MUNSON
Judge