

NOV 05 2009

JEANNE G. QUINATA
CLERK OF COURT

Tim Roberts, Esq.
DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Bridget Ann Keith
SUPERIOR COURT OF GUAM
Guam Judicial Center
120 W. O'Brien Drive, Suite 300
Hagåtña, Guam 96910
Telephone No. (671) 475-3526
Facsimile No. (671) 477-3184

Attorneys for Defendant
Superior Court of Guam

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBBIE ANN REYES PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF GUAM,<br><br>Defendant. | CIVIL CASE NO. CV08-00007<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION, OR IN THE ALTERNATIVE, FOR (1) AN ORDER SPECIFYING WHAT FACTS ARE NOT GENUINELY AT ISSUE, AND (2) ORDERS *IN LIMINE*** |

## I. Motion for Reconsideration.

The Superior Court of Guam has moved for reconsideration of this Court's Order denying summary judgment. There are no procedural or logistical hurdles to entertaining this motion for reconsideration. The Court has cancelled all pre-existing deadlines in this case,



including the trial date, and Perez will be in South Carolina for the next year on a one year deployment with the United States Coast Guard. Exhibit 1 to the accompanying Declaration of Tim Roberts is a recent local court custody order evidencing Perez's current absence, judicial notice of which is respectfully requested.

**A.  Undisputed Facts Justifying Reconsideration.**

Rule 7.1(i) of the Local Rules of Practice ("LR") for the District Court of Guam permits motions for reconsideration upon "a manifest showing of a failure to consider material facts presented to the Court before such decision". The rule cautions counsel not to repeat any written "arguments" previously made, but obviously the rule does not prevent counsel from repeating the facts it believes the Court failed to consider.

Those facts -- and they have not been disputed by Perez -- are these:

1.  It is undisputed that the Superior Court had no notice of any alleged harassment that occurred before February 16, 2006.

2.  Sgt. Ecle did not touch or even speak to Perez after February 16, 2006. The only alleged "harassment" that occurred after February 16, 2006 consisted of Sgt. Ecle giving certain "looks" and "staring" at Perez in a way she did not appreciate.

At p. 3 of its Order, the Court wrote that "the filings of the parties are replete with genuine issues of material fact as to who said what, had notice of what, and when those events occurred." All of the "genuine issues of material fact" said by the Court to preclude summary judgment are listed in footnote 2 of its Order, and in a single sentence following the footnoted sentence. The facts in the footnote are these:

a.  "(T)he nature and extent of the interaction of Marshal Ecle with plaintiff."

The Superior Court cannot see how this could be a genuine issue of material fact. Perez has not sued Sgt. Ecle. She has only sued the Superior Court. No inappropriate "interaction" between Sgt. Ecle and Perez before February 16, 2006 can be imputed to the Superior Court because the Superior Court had no notice of it. Under federal case law, no inappropriate "interaction" after February 16, 2006 legally constituted a violation of Title VII on the part of either the Superior Court or Sgt. Ecle, since all Sgt. Ecle allegedly did after that date was "stare" at Perez, and then only on the twelve full days and three half days the two people worked at the Superior Court at the same time. No federal court has ever permitted a Title VII case to survive a motion for summary judgment or a directed verdict on the basis of mere stares. All of these federal courts have held as a matter of law, not as a matter of fact, that mere "stares" can never be sufficiently "severe or pervasive" enough to constitute a Title VII violation.

b. "Officer Taijeron's actions, if any, in regard to plaintiff's complaints of sexual harassment."

It seems unquestionable that this cannot be genuine issue of material fact, either. It does not matter what Officer Taijeron did or did not do after Perez first reported that Sgt. Ecle was harassing her on February 16, 2006. Assuming his response was negligent, such negligence did not proximately cause Perez to suffer any damages protected by Title VII, because in the dozen days they worked at the Superior Court at the same time after that, Ecle merely "stared" at Perez, nothing more.

c. "Chief Marshal Cruz's actions, if any, in regard to Officer Taijeron's report to him of the alleged sexual harassment".

This cannot be a genuine issue of material fact. Regardless of what Chief Marshal Cruz did or did not do after receiving Taijeron's report of harassment on February 16, 2006, nothing that Sgt. Ecle did after that legally constituted a Title VII violation. Again, assuming that Chief

Marshal Cruz's actions were insufficient, his action or inaction did not cause or result in any violation Title VII.

d. "(T)he issue surrounding whether or not plaintiff wished to file an 'official' or 'unofficial' complaint, and what her understanding was of the differences between the two complaints."

This is definitely not a genuine issue of material fact. Regardless of whether plaintiff wished to file an "official" complaint or an "unofficial" complaint, nothing that Sgt. Ecle did after Perez lodged her first complaint (of whatever nature) on February 16, 2006 legally constituted a Title VII violation. As for what Perez's "understanding was of the differences between the two complaints," this is not a genuine issue of material fact. Again, nothing that Sgt. Ecle did after Plaintiff first complained of harassment legally constituted a Title VII violation. While this issue might have been relevant had Plaintiff's Complaint included a count for negligent Title VII training against the Superior Court, the Complaint contains no such claim.

e. "(T)he 'reasonableness' of defendant's response to plaintiff's complaints."

This cannot be a genuine issue of material fact, for the same reasons listed above. Nothing that Sgt. Ecle did after plaintiff first complained of harassment to the Superior Court legally constituted a Title VII violation. Therefore, even assuming the Superior Court's response to plaintiff's complaint of harassment was negligent, that negligence did not result in any violation of Title VII. The "reasonableness" of the Superior Court's response to Perez's February 16, 2006 complaint is irrelevant.

Following the footnoted sentence, the Court writes, at pp. 3-4 of its decision, that "(t)here are further issues as to what, if anything, was done to address plaintiff's alleged complaints". These "further issues" cannot be genuine issues of material fact. As explained above, assuming for the purposes of this motion that the Superior Court did absolutely nothing in response to

Perez's complaint of harassment, nothing that Sgt. Ecle did after the harassment was first reported to Marshal Taijeron on February 16, 2006 was a Title VII violation.

Under Fed.R.Civ.P. 56(c), as amended, summary judgment "should be rendered" if the evidence shows that there is "no genuine issue as to any material fact." Based on the undisputed evidence before the Court, there was no genuine issue as to any material fact. With all respect, the motion should have been granted.[1]

Of course, in the event the Superior Court has misunderstood the Court's Decision and Order, the Superior Court requests the Court to treat this motion for reconsideration as a motion for clarification instead. The Superior Court needs to prepare for trial, draft jury instructions, and the like. If the Court has ruled that the Superior Court can in fact be held liable under Title VII for Sgt. Ecle's alleged staring at Perez after February 16, 2006, the Superior Court respectfully requests the Court to clarify why. And if the Court has held that the Superior Court can in fact be held liable under Title VII for Sgt. Ecle's alleged harassment of Perez before February 16, 2009, the Superior Court respectfully requests this Court to clarify why, for the same reasons.[2]

---

[1] Until the 2007 amendments, Rule 56(c) read that summary judgment "shall" be granted rather than "should" be granted when there is no genuine issue as to any material fact. See, Notes of Advisory Committee on 2007 amendments. However, the same Advisory Committee cautioned that the change was intended to be "stylistic only." *Id.* That is, there was no Congressional intent to change the meaning of the Rule or judicial interpretations of the Rule. It still means "shall".

[2] Perez has claimed that by failing to take adequate measures against Sgt. Ecle on February 16, 2006, the Superior Court can be deemed to have "ratified" Sgt. Ecle's conduct, citing *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001). But the same decision, and a host of other Ninth Circuit decisions, as well, clearly also hold that "an employer cannot be held liable for misconduct of which it is unaware", that "(n)egligence of this nature exposes the employer not to liability for what occurred before the employer was put on notice of the harassment, but for the harm that the employer inflicted on the plaintiff as a result of its inappropriate response", and that "(t)he employer's liability, if any, runs only from the time it 'knew or should have known about the conduct and failed to stop it.'" *Id.*, 271 F.3d at 1192 (9th Cir. Cal. 2001). If both rules are true, then the only conduct the Superior Court could be liable for and have "ratified" was post-February 16, 2006 conduct. But as explained above, as a matter of law none of this conduct was "severe or pervasive" enough to violate Title VII, so any such "ratification" cannot give rise to Title VII liability. This is explained in detail at pp. 4-7 of the Superior Court's June 12, 2009 Reply Brief.

Finally, the Superior Court notes that its motion for summary judgment was denied in its entirety, even that part of the motion addressed to Perez's claim for punitive damages, as set forth at pp. 19-20 of the initial moving papers. But in her Opposition, Perez consented to the entry of summary judgment on her punitive damages claim. See, Perez Opposition, at p. 21 of 21, under "Conclusion." The Superior Court's motion on punitive damages should have been granted as a matter of course, but for some reason it wasn't. The Superior Court once again requests the entry of summary judgment on Perez's punitive damages claim. Perez has consented to it.

**B. Law Justifying Reconsideration.**

The authority permitting reconsideration of a denial of summary judgment is found in numerous sources, namely the Federal Rules of Civil Procedure [Rule 54(b)], this Court's Local Rules of Practice [LR 7.1(i)], and the inherent authority of federal district courts to modify their own interlocutory orders. This motion is not made pursuant to Fed.R.Civ.P. 59(e) and 60(b). Those rules apply to reconsideration of summary judgment decisions that have been *granted.* However, "an order denying a motion for summary judgment is generally interlocutory and subject to reconsideration by the court at any time." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) ("Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders") (citing 12 Joseph T. McLaughlin et al., *Moore's Federal Practice* § 60.23, at 60-75 & n.2 (3d ed. 1997) ("The standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed"); *In re Hat*, 2007 WL 2580688 *6 Bankr. E.D. Cal. 2007) ("in the Ninth Circuit '[i]t is well-settled that a denial of summary judgment does not establish law of the case and does not preclude a second motion for summary

judgment.' (numerous citations omitted). The court's prior order . . . does not bind this court's subsequent determinations."); *Hydranautics v. Filmtec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003) ("It is well-settled that a denial of summary judgment does not establish law of the case and does not preclude a second motion for summary judgment")[3]; *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (interlocutory orders may be reconsidered at any time); *Shouse v. Ljunggren*, 792 F.2d 902, 904 (9th Cir. 1986) ("the law of the case doctrine does not apply to pretrial rulings such as motions for summary judgment"); *Knox v. Southwest Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997) (rejecting contention that successive motions for summary judgment were impermissible); *Onque v. Cox Communs. Las Vegas, Inc.*, 2006 WL 2707466 *2 (D. Nev. Sept. 15, 2006) (order denying motion for summary judgment is interlocutory and therefore "subject to reconsideration by the court at any time," citing *Dessar v. Bank of American Nat. Trust and Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965), and noting that "order denying motion for summary judgment because of existence of issue of facts merely postponed decision of any question and decided none and did not constitute law of case;" *id.*); *Guerra v. Paramo*, 251 Fed. Appx. 424, 425 (9th Cir. Cal. 2007) (district courts retain "inherent procedural power to reconsider, rescind, or modify" interlocutory orders; "law of the case" doctrine is "wholly inapposite to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction. . . . All rulings of a trial court are subject to revision at any time before the entry of judgment." 251 Fed. Appx. at 425"); *Guam Hous. & Urban Renewal Auth. v. Pac. Superior Enters. Corp.*, 2001 Guam 8 ¶13 (Guam 2001) ("Interlocutory orders are subject

---

[3] In some courts' view, this motion for reconsideration might be more accurately characterized as a "renewed" motion for summary judgment. If this Court agrees, the Superior Court alternately requests the court to treat it as such, so long as the substance of the motion rather than its form supplies the rule of decision. See, *Advanced Semiconductor Materials Am. v. Applied Materials, Inc.*, 922 F. Supp. 1439, 1442 (N.D. Cal. 1996) ("A moving party may renew a motion for summary judgment notwithstanding denial of an earlier motion by showing a different set of facts or some other reason justifying renewal of the motion. William W. Schwarzer et al., *Federal Civil Procedure Before Trial* P14:367 (1995). The earlier denial is not *res judicata* or 'law of the case.' *Id.*"

to reconsideration by the court at any time"), citing *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74. 79-80 (9th Cir. 1979).

In *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001), the Ninth Circuit held that "(a)s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." 254 F.3d at 885. This power is "not subject to the limitations of Rule 59." 254 F.3d at 885, citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000). In the *Santa Monica BayKeeper* case, the party opposing a motion to reconsider an interlocutory order argued that the motion did not meet the requirements of Fed.R.Civ.P. 60(b). The Ninth Circuit characterized the party's Rule 60(b) argument as being "built upon a false premise." It held that a federal judge's established authority to "rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." 254 F.3d at 886.

This is the rule in all federal circuits, not just the Ninth Circuit. *See Iraheta v. United of Omaha Life Ins. Co.*, 2005 WL 701070 *1-2 (D. Md. Mar. 28, 2005) (canvassing federal circuits and district courts, which unanimously allow reconsideration of interlocutory decisions, including denials of summary judgment, to which of Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure do not apply).

This Court has unfettered authority to reconsider and change its decision to deny the Superior Court's motion for summary judgment. Fed.R.Civ.P. 59(e) and 60(b) do not govern the Superior Court's motion for reconsideration of the denial of its motion for summary judgment. A federal court's power to modify or change its own interlocutory orders is inherent, and it is neither novel nor surprising. Any other rule would hold that a United States federal court has no power to correct its own interlocutory orders once entered, no matter what the stage of the

proceedings and regardless of whether prejudice would result. It would also be contrary to Rule 54(b) of the Federal Rules of Civil Procedure, which specifically provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See*, *Mahon v. Crown Equip. Corp.*, 2008 WL 2025157 *1 (E.D. Cal. May 8, 2008) ("a court may reexamine any non-final order at the urging of a party under Rule 54(b)" and a court order resolving fewer than all of the parties' claims is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," quoting Fed.R.Civ.P. 54(b) prior to the 2007 amendments).

Under the precedent just cited, and the undisputed facts set forth in Section I.A., above, reconsideration should be granted, and summary judgment entered in the Superior Court's favor.

The Local Rules of Practice adopted by District Court of Guam also authorize reconsideration. Under GR 1.1(c), the local rules are intended to supplement and must be construed to be consistent with the Federal Rules of Civil Procedure [including Rule 54(b)] and to promote the "just, efficient and economical determination of every action and proceeding". LR 7.1(i) provides in pertinent part, that reconsideration can be had based on an "manifest showing of a failure to consider material facts presented to the Court before such decision"

As mentioned above, here there has been a "failure to consider material facts presented to the Court." Perez has not disputed that the Superior Court had no notice of any alleged harassment that occurred before February 16, 2006. She has not disputed that Sgt. Ecle did not touch her or ever speak to her after that date. The motion for reconsideration should be granted and summary judgment entered in the Superior Court's favor.

## II. **Motion for Order Specifying What Facts Are Not Genuinely At Issue.**

In the event the Court denies the motion for reconsideration, the Superior Court moves for an order specifying what facts are not genuinely at issue.

As amended in 2007, Fed.R.Civ.P. 56(d) provides in relevant part that if summary judgment is not entirely granted, "the court should, to the extent practicable, determine what material facts are not genuinely at issue", by "examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts -- including items of damages or other relief -- are not genuinely at issue." The Superior Court submits that the following facts, which Perez did not dispute in her Opposition Memorandum, are "not genuinely at issue" for the purposes of Fed.R.Civ.P. 56(d):

1. The first time Perez told the Superior Court that Sgt. Ecle was harassing her was February 16, 2006. Deposition of Debbie Perez ("Perez Depo."), pp. 56:25; 57:1; 63:17-21; 64:1-25. The Superior Court had no notice of any alleged harassment of Perez by Sgt. Ecle before this date.

2. After February 16, 2006, Sgt. Ecle did not touch or speak to Perez. Perez Depo., pp. 57:8-25; 58:1-13; 57:12-13, 75:1-4; 74: 10-13. All he did was look at her in ways she did not like. *Id.*

3. On February 16, 2006, the first day Perez complained about Sgt. Ecle's alleged harassment to the Superior Court, Sgt. Ecle was already on extended military leave, and Perez was on leave by the time Sgt. Ecle returned work. Declaration of Anthony A. Meno ("Meno Dec.") ¶ 4.

4. Due to their respective leave schedules, after February 16, 2006, Perez and Sgt. Ecle did not see each other at work until March 20, 2006. Meno Dec. ¶ 4.

5. After March 20, 2006, Perez and Sgt. Ecle only worked at the Superior Court at the same time on twelve (12) full days and three (3) half days. Meno Dec., ¶ 4.

6. Sgt. Ecle's last day at work with the Superior Court was April 18, 2006. Meno Declaration and attached Exhibits.

## III. **Motions *in Limine*.**

1. Evidence Of Conduct That May Have Occurred Prior To February 16, 2006 Should Be Excluded As Irrelevant and Prejudicial.

Under Fed.R.Evid 402, "(e)vidence which is not relevant is not admissible." Under Fed.R.Evid. 401, "relevant evidence" means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Fed.R.Evid 403, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence".

As reiterated by the Ninth Circuit in *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009), a motions *in limine* a "procedural mechanism to limit in advance testimony or evidence in a particular area .... In the case of a jury trial, a court's ruling 'at the outset' gives counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury." 551 F.3d at 1112.

An employer "cannot be held liable for misconduct of which it is unaware." *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001). Instead, the employer's liability, if any, runs only from the time it "knew or should have known about the conduct and failed to stop it." *Id.*

Here, it is undisputed that the Superior Court had no notice of anything Sgt. Ecle may or may not have done to Perez before February 16, 2006. For this reason, the Superior Court cannot be liable for any such conduct. Because the Superior Court cannot be liable for such conduct, evidence of what happened before February 16, 2006 is irrelevant under Fed.R.Evid. 401. Because it is irrelevant, it is therefore inadmissible under Fed.R.Evid. 402. Even if it was relevant and admissible, evidence of such conduct would be prejudicial and should be excluded in any event under Fed.R.Evid. 403.

2. Evidence Of Conduct That Occurred More Than One Hundred Eighty Days Before May 27, 2006 Is Barred By Title VII's Statute of Limitations And Should Be Excluded As Irrelevant and Prejudicial.

In the event the motion *in limine* under Section III.1. of this motion is not granted by the Court, it should enter an order *in limine* under 42 USCS § 2000e-5(e)(1). Under this Title VII statute of limitations, raised by the Superior Court in footnote 2 of its Reply Brief and as the fourteenth affirmative defense in its Answer to the Complaint, a Plaintiff's EEOC charge must be filed within one hundred eighty or three hundred days after the commission of the particular unfair employment practice for which recovery is sought. When a plaintiff files a claim with a local state agency first, she has three hundred days to file her EEOC claim after a Title VII violation has occurred; otherwise the claim must be filed with the EEOC within one hundred eighty days. Plaintiff did not file any charge with any local agency. She implicitly concedes this in her Complaint. Paragraph 4 of Plaintiff's Complaint alleges that "a charge of employment discrimination was filed within 180 days of the commission of the unfair employment practice."

Plaintiff filed her EEOC charge on May 27, 2006. Declaration of Tim Roberts, Exhibit 2. One hundred and eighty days prior to May 27, 2006 was November 28, 2005. Under 42 USCS § 2000e-5(e)(1), this means that Perez cannot recover damages for harassment that occurred before

November 28, 2005. Perez therefore should not be able to present evidence of any alleged harassment before that date. Notably, Sgt. Ecle was on extended military leave and away from Guam commencing March 22, 2004, only returning on August 8, 2005, seventeen months later. But, Perez cannot recover for anything that Ecle may have done between August 8, 2005 and November 28, 2005, since this time period was more than 180 days prior to the filing of her EEOC charge.

> Both Title VII and the D.C. Human Rights Act have strict limitations periods. Under Title VII, a plaintiff must file an employment discrimination charge with the EEOC either 180 or 300 days after an "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The 300-day window applies when the aggrieved person first filed a complaint with a state or local agency with the authority to grant relief or to institute criminal proceedings. . . . Hence, Akonji was required to file a complaint with the EEOC within 300 days of the occurrence of the alleged unlawful employment practice. She filed her complaint with the EEOC on April 9, 2004; based on that date, the 300-day window stretches back to June 15, 2003.

*Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 90-91 (D.D.C. 2007).

Under the authority of 42 U.S.C. § 2000e-5(e)(1) and *Akonji v. Unity Healthcare, Inc.*, *supra*, Perez cannot recover damages of any harassment that occurred before November 28, 2005. This being the case, the Court should enter an order *in limine* limiting Plaintiff's proof to allegations of alleged misconduct occurring between August 8, 2005 and April 18, 2006, which is the undisputed last day that Sgt. Ecle ever worked for the Superior Court.

## IV. <u>CONCLUSION</u>.

Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), Rule 56(c) "mandates" summary judgment" against a party who fails to identify admissible evidence to support all of the elements of all her claims "after adequate time for discovery." 477 U.S. at 322. Here, there

was more than "adequate time for discovery." Under the Court's September 9, 2009 Scheduling Order, each party's initial disclosures were made on September 17, 2008. The Discovery Cutoff was March 20, 2009, over six (6) months later. The parties took all necessary depositions, including depositions in New York, Maryland, and of course on Guam as well, and they conducted all necessary written discovery. While the Superior Court had until June 10, 2009 under the Scheduling Order to file its motion for summary judgment, the motion was filed on April 27, 2009, since there was no more discovery to be had. The facts before the Court are the same facts that will be presented at trial. The relevant facts are not in dispute and should be ruled on as a matter of law.

In opposing the motion for summary judgment Perez was required to identify some admissible evidence that the Superior Court was on notice that Sgt. Ecle was harassing Perez before that date. She did not even try. And to survive summary judgment on conduct that may have occurred after that date, Perez was required to cite to any federal case decided under Title VII holding that merely "staring" at someone without more can violate Title VII. She failed to do this.[4] All she could point to was a lone state case decided under state law.

In closing, the Superior Court concedes that it might be partially responsible for what it believes was an unwarranted denial of its summary judgment motion. In its original motion, in an effort let the Court know that it was not "hiding" anything, the Superior Court tried to describe Perez's version of the facts as fairly and as fully as possible, even though most of those facts were not "genuine issues of material fact" under Rule 56. In doing so, the Superior Court may have unwittingly clouded the actual issues to be decided upon by the Court on the motion. But these true issues -- no notice before February 16, 2006, no actionable conduct after that -- are

---

[4] As pointed out at pp. 7-10 of the Superior Court's Reply Memorandum, none of the federal Title VII cases in this area relied on by Perez were mere "staring" cases.

so simple that the Superior Court is compelled to respectfully request the Court to take a second look at them on this motion for reconsideration.

DOOLEY ROBERTS & FOWLER LLP

Dated: 11/05/09 By: [signature]

**TIM ROBERTS, Esq.**
Attorney for Defendant
Superior Court of Guam

SUPERIOR COURT OF GUAM

Dated: 11-5-09 By: B. Ann Keith

**B. ANN KEITH, Esq.**
Attorney for Defendant
Superior Court of Guam

TLR:jvd\J144.01\Memo. (Motion for Reconsideration).02