Tim Roberts, Esq.
DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
roberts@guamlawoffice.com

*Attorneys for Defendant*
*Superior Court of Guam*

FILED
DISTRICT COURT OF GUAM

NOV 05 2009

JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| DEBBIE ANN REYES PEREZ, | ) | CIVIL CASE NO. CV08-00007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION OF** |
| | ) | **TIM ROBERTS** |
| SUPERIOR COURT OF GUAM, | ) | |
| | ) | |
| Defendant. | ) | |

1. I have personal knowledge of the matters set forth herein, and if called, I would and could testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of a Decision and Order entered in Superior Court Domestic Case No. DM1315-05, Debbie Ann Perez v. Greg Gary Hale. As noted by the Superior Court Judge, the Decision and Order, filed October 8, 2009, resulted from Ms. Perez's motion to allow her to take two of her minor children to

**ORIGINAL**

South Carolina for a year, where she told the judge that she would be on active deployment with the United States Coast Guard.

3.  Attached hereto as Exhibit 2 is a true and correct copy of the signature page of Debbie Perez's EEOC charge dated May 26, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

DOOLEY ROBERTS & FOWLER LLP

Dated: 11/04/09  By: _____
**TIM ROBERTS, ESQ.**
Attorneys for Defendant
Superior Court of Guam

TLR: jvd\J144.01\Dec. of Tim Roberts (11-04-09)

RECEIVED
Territorial Law Library
OCT 1 5 2009
GUAM LAW LIBRARY/
COMPILER OF LAWS

FILED
SUPERIOR COURT
OF GUAM
2009 OCT -8 AM 9: 10
CLERK OF COURT
BY:

IN THE SUPERIOR COURT OF GUAM

DEBBIE ANN PEREZ,

    Plaintiff,

vs.

GREG GARY HALE,

    Defendant.

DOMESTIC CASE NO. DM1315-05

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on October 2, 2009 for a hearing on Plaintiff's Motion to Modify Visitation. Present at the hearing were Attorney Phillip Torres, representing Plaintiff, Debbie Ann Perez and Attorney Catherine Bejerana Camacho, representing Defendant, Greg Gary Hale. At the hearing, after having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court issued a bench ruling which DENIED Plaintiff's Motion to Modify Visitation. Consistent with the bench ruling, the Court now issues the following Decision and Order.

## BACKGROUND

The Parties were married in August, 2004 and have two minor children from the marriage, Breanne Tasi Hale, a female child born on July 15, 2000, now age 9 and Malia Rae Hale, a female child born on January 7, 2003, now age 6. The Parties were legally divorced on November 16, 2005. The Final Judgment of Divorce, by incorporating the provisions of the Divorce and Property Settlement Agreement dated October 26, 2005, provided that the Parties were awarded joint legal custody of their minor children. Plaintiff was awarded primary physical custody and Defendant was given broad and reasonable visitation. On September 26, 2007, the

Honorable Katherine A. Maraman modified the visitation schedule and ordered that Defendant have bi-weekly visitation with his minor children from Thursday to Sunday.

In July, 2008 Defendant's visitation schedule with the minor children was disrupted due to his deployment to Iraq with the United States Army. On February 13, 2009, this Court issued an Order allowing Defendant to have visitation rights with his minor children during the two week time frame that he was home on leave from his tour in Iraq. Defendant subsequently returned from his deployment in Iraq on or about August 20, 2009.

On or about August 24, 2009, this Court issued an Order granting Defendant temporary custody of the minor children from August 29, 2009 to October 4, 2009. The Order was based upon Plaintiff having to attend training back in the mainland with the United States Coast Guard.

On September 10, 2009, Plaintiff filed a Motion to Modify Visitation (hereinafter "Motion to Modify"). In the Motion to Modify, Plaintiff seeks to modify the current visitation schedule to allow her to take the two minor children to South Carolina for a year, starting on or about October 4, 2009. Plaintiff proposes that Defendant's visitation schedule with the minor children be "on summer vacations, spring vacations, Christmas holidays and, with adequate notice, whenever he is in the area where the children reside." (Plaintiff's Motion to Modify, pg. 2).

Defendant filed Opposition to Plaintiff's Motion to Modify Visitation on September 21, 2009 (hereinafter "Opposition"). In the Opposition, Defendant requests that this Court deny Plaintiff's request to remove the minor children from Guam to South Carolina. The Opposition also requests that the Court modify the award of custody previously entered and award custody of the minor children to Defendant during Plaintiff's temporary relocation to South Carolina, with rights of visitation by the Plaintiff during the period of relocation. (Opposition, pg. 8).

Plaintiff filed Plaintiff's Reply to Defendant's Opposition to Motion to Modify Visitation on October 1, 2009 (hereinafter "Reply").

## DISCUSSION

The Court has jurisdiction pursuant to 19 GCA § 8404. Title 19 GCA § 8404 governs child custody in divorce cases. Under section 8404(f), the Court may modify a custody arrangement whenever "the best interests of the child require or justify such modification." 19 GCA § 8404(f). In rendering this decision, the Court is mindful of the legislative preference for preservation of the family life by including both parents in the lives of their children. This legislative policy is set forth more succinctly in 19 GCA § 8404(h) which provides in pertinent part:

> It is legislative policy that children spend as much time with each of their parents as possible, when the parents are not living together. Therefore, in determining visitation of minor children on Guam with non-custodial parents living on Guam, the court shall, to the greatest degree possible, order visitation for minor children...with non-custodial parents such that the children spend more or less equal amounts of time with the custodial parent and the non-custodial parent during non-working, non-sleeping, non-school time...

19 GCA § 8404 (h).

Guam case law though has clearly delineated that this legislative preference for both joint legal and joint physical custody arrangements is "always secondary to the best interests of the child." Howerton v. Howerton, 2004 Guam 8, ¶ 14; (quoting Flores v. Cruz, 1998 Guam 30, ¶12). In Howerton v. Howerton, 2004 Guam 8, ¶ 20, the Supreme Court of Guam went further in holding that when joint physical custody is awarded, the preference for equal time is also secondary to the best interests of the child. The Court set forth that in determining the allotment of custody as it relates to the child's best interest, lower courts should look to the factors set forth in 19 GCA § 8404(h) for guidance, as well as cases from other jurisdictions. Id. at ¶¶ 23 and 24.

The Court went on to set forth that the following factors, found in section 8404(h), were to be considered for a finding regarding the child's best interests: "the child's welfare, the parents' willingness to accept visitation, the parents' fitness, the child's schooling, the parents' jobs and the child's extra-curricular activities." Id. at ¶ 25.

Having considered the statute and legislative policies set forth in Title 19 GCA § 8404, as well as relevant case law, the Court finds it is in the best interest of the minor children to stay with Defendant during Plaintiff's year long deployment to South Carolina. The Court finds that the minor children are well established on Guam and uprooting them for a year would not be in their best interests. The minor children are now settled in school and are apparently doing well. (See, Affidavit of Greg Gary Hale In Support of Defendant's Opposition to Plaintiff's Motion to Modify Visitation (hereinafter "Hale Affidavit") dated September 21, 2009, attached to the Opposition). To allow them to go to South Carolina at this point, would require them to be uprooted during this school year and once again during next year's school year when they leave South Carolina to return to Guam.

The Court finds that the minor children have a strong active relationship here in Guam with their immediate and extended family, in particular their paternal grandmother and aunt. Guam is the minor children's home, to uproot them for a year, would be taking the minor children from their home and the community that they have grown up in and to which the minor children have strong ties too.

Case law from other jurisdictions lends strong support to this Court's findings. In Bingham v. Bingham, 12 So.3d 448 (La. Ct. App., 2009) the court addressed the issue of whether the trial court erred in denying a mother's request to relocate with the minor children from Louisiana to Wyoming. The mother argued that the trial court erred in evaluating the

twelve factors enumerated in La. Rev. Stat. 9:355.12, as they applied to the case. The court found no error in the trial court's determination that the mother's proposed relocation was not in the minor children's best interest. Id. at 451-452. The court pointed to the trial court's finding that the area of Louisiana where the minor children lived was a "cocoon of love and protection with grandparents and wider family living close, which cannot be duplicated in Wyoming." Id. at 417. The court also cited to the trial court's finding that the children are happy, healthy and doing exceptionally well in school. Id. at 451-452. The court found that the trial court repeatedly focused on the best interest of the minor children and concluded that they would fare better, and continue to excel, if the request for relocation was denied. Id. at 452.

Likewise, in Charpie v. Charpie, 300 A.D. 2d 143 (N.Y. App. Div. 1, 2002), the defendant sought removal of his minor children from New York to Switzerland for one year, based on the opinions of two terrorism experts that New York was not safe following the attacks of September 11, 2001. The custody arrangement, pendente lite, of the parties provided that the children resided with each parent during alternate weeks. The court, in denying the relocation, found that the defendant had failed to show that it was in his children's best interest to attend school in Switzerland for one year. Id. at 144. The court held that such a temporary relocation would have involved a detrimental disruption in the schooling, friendships and activities that the children had continuously enjoyed for several years in New York. Id.

At the hearing in this matter, Defendant also directed this Court to the holding in Charpie v. Charpie, 300 A.D. 2d 143 (N.Y. App. Div. 1, 2002), as well as the holding in Echezarreta v. Echezarreta, 944 So. 2d 1169 (Fla. App. 3 Dist., 2006). In Echezarreta, the mother appealed from orders denying her application to relocate with the minor children and temporarily granting custody of the children to the father. Id. at 1169. The court held that the lower court did not

abuse its discretion in requiring a change in custody to the father on an interim basis so that the children "could be-as they now have been-enrolled in school at their former home. Id. at 1170.

The Court also finds that based upon the record of prior proceedings that Defendant will be better able to preserve the relationship that the minor children have with their mother, the Plaintiff, through telephonic visitation and other suitable visitation schedules during school holidays. (See, Hale Affidavit).

The Court finds that the purported benefits and possible enhancements to the minor children's quality of life based upon the relocation to South Carolina, as argued in Plaintiff's Motion of Modify, are those that can be met during summer or Christmas vacation visits by the minor children.

The Court also finds that by allowing Defendant to have custody of the minor children during Plaintiff's one year deployment, is in harmony with the legislative intent found in 19 GCA § 8404 (h) of equal time to be spent with each parent. For the past year, Plaintiff has had almost sole custody of the minor children, while Defendant was serving in Iraq. Allowing Defendant to have custody of the minor children while Plaintiff is serving a one year deployment with the United States Coast Guard in South Carolina provides, via military obligations, each parent equal time with their minor children. The Court recognizes that Plaintiff, in her Motion to Modify, argues that his legislative preference is not applicable given that she will be relocating for a one year deployment to South Carolina and will not be residing in Guam. The Court finds Plaintiff's position unavailing given that her relocation is for one year only and that Plaintiff will be returning to Guam thereafter.

Based upon the foregoing, the Court orders that Defendant be given temporary physical custody of the minor children, Breanne and Malia, until Plaintiff returns from her year long deployment in South Carolina with the United States Coast Guard.

Plaintiff will be given reasonable visitation rights during the period of her deployment. The visitation rights will include the Christmas holiday break from the minor children's school, the Easter holiday break from the minor children's school and the entire summer vacation break from the minor children's school. For the present time, Plaintiff will be given visitation of the minor children from Sunday, October 4, 2009 until Friday, October 9, 2009 (or the date upon which Plaintiff departs Guam for South Carolina). All exchanges shall be at Erica's House. The children now attend Merizo Elementary and will need to be taken to school, each school day that Plaintiff is exercising her visitation rights.

The Court also orders that Plaintiff shall have open and frequent telephonic visitation with the minor children during reasonable hours. The children shall also be allowed to contact Plaintiff telephonically at reasonable times.

All matters regarding educational and medical needs and requirements of the minor children shall be communicated directly between the Parties. To that end, each Party is ordered to provide the other with appropriate telephone numbers, email addresses and mailing addresses. All other Orders not modified by the above shall remain in full force and effect.

In closing, the Court finds that both parents equally love and want what is best for their minor children. The Court is confident that both parents will work to that end in allowing this new custody arrangement to be a successful and positive experience for their minor children.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Modify Visitation is hereby **DENIED**. Defendant's Motion to Modify the Award of Custody during Plaintiff's temporary relocation to South Carolina is **GRANTED**. Each party shall bear its own attorneys' fees and costs in this matter.

So ORDERED this day of \_\_\_\_ October, 2009.

OCT 0 8 2009

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court, Guam
Dated at Agana, Guam
OCT 0 8 2009
Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

---

*Perez v. Hale*
Decision and Order
Domestic Case No. DM1315-05

- Page 8 of 8 -

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 486-2006-00221 |

and EEOC

State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.): Ms. Debbie A. Perez
**Home Phone** (incl. Area Code): (671) 898-1341
**Date of Birth**: 7/1/66

**Street Address**: P.O. Box 1108, Hagatna, GU 96932

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: GOVT OF GUAM
**No. Employees, Members**: ~~215-100~~ 300+
**Phone No.**: (671) 475-3i

**Street Address**: Judiciary, 120 W. O'Brien Dr., Hagatna, GU 96910

**DISCRIMINATION BASED ON** (Check appropriate box(es).):
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 07-01-2002    Latest: 02-16-2006
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

Currently, I am a Deputy Marshall I for the Judiciary of Guam.

Since July 1, 2002 to, and including February 16, 2006, I was sexually harassed by Deputy Marshall II Alan Ecle. The sexual harassment included physically grabbing me, pinning my arms to my side and forcefully kissing me or attempting to kiss me. Alan Elce made me feel uncomfortable by telling me, "...*I want you and I am going to have you.*"

On February 16, 2006, I filed a complaint with Deputy Marshall III F.J. Taijeron.

I believe I have been discriminated against because of my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 27 MAY 06
Charging Party Signature: [signature]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

RECEIVED
JUN 0 1 2006
EEOC HLO

Case 1:08-cv-00007   Document 50   Filed 11/05/2009   Page 11 of 11