TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

Attorneys for Plaintiff
*Debbie Ann Reyes Perez*

FILED
DISTRICT COURT OF GUAM
NOV 16 2009
JEANNE G. QUINATA
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| DEBBIE ANN REYES PEREZ, | ) | CIVIL CASE NO. CV08-00007 |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **RECONSIDERATION, OR IN THE** |
| | ) | **ALTERNATIVE, FOR (1) AN ORDER** |
| SUPERIOR COURT OF GUAM, | ) | **SPECIFYING WHAT FACTS ARE** |
| | ) | **NOT GENUINELY AT ISSUE, AND** |
| Defendant. | ) | **(2) ORDERS IN** *LIMINE* |

----------

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 27, 2009 Defendant, Superior Court of Guam, submitted to this Court its Motion for Summary Judgment. Plaintiff, Debbie Perez, filed her Opposition to that motion of May 26, 2009. The Defendant's Reply was filed on June 12, 2009. On September 3, 2009, this court— noting that "the court is precluded from granting summary judgment for to do so would require it to weigh the evidence"— denied the Defendant's Summary Judgment Motion. (Order, Document 44, September 3, 2009, pg. 4). The Court went on to Order that the parties meet and confer during

the week of November 18, 2009 for a "status/settlement conference." Order, Document 44, September 3, 2009, pg. 4. The Court emphasized that **"An attorney or party with full settlement authority must attend the status/settlement conference."** (Order, Document 44, September 3, 2009, pg. 5). The settlement conference is set for November 19, 2009 at 9:30 a.m.

Rather than progress toward settlement, on November 4, 2009 Defendants filed an omnibus motion attacking—through Motions for Reconsideration, Clarification, Specificity, and the limitation of evidence—the Court's Decision of two months earlier.[1] Curiously, the Motion for Reconsideration contained Exhibit 1 regarding Plaintiff's unrelated domestic case. Why? What is the Defendant's purpose in informing the Court that the Defendant is deployed to assist the war effort. What negative inference is Defendant seeking or what reliance is that information to the Motion.

## II.

## OPPOSITION ARGUMENT

### A. DEFENDANT FAILS TO GRASP WHY IT WAS NOT ENTITLED TO SUMMARY JUDGMENT.

It is the burden of the party who moves for summary judgment to establish that there is "no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); ***British Airways Bd. v. Boeing Co.***, 585 F.2d 946, 951 (9th Cir. 1978), cert. denied, 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed. 2d 241 (1979). **This is a two step process.** The Rule "requires the moving party to show not only the absence of a disputed issue of fact **but also that**

---

[1] Under the Rules, Plaintiff's Opposition to that omnibus motion would be due November 19, 2009— making compliance with the Court's mandated settlement conference difficult and neutering the practical nature of the settlement conference entirely.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Case 1:08-cv-00007    Document 54    Filed 11/16/2009    Page 2 of 14
-2-

**he is entitled to judgment as a matter of law**." W. Schwarzer, Summary Judgment Under The Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487-88 (1984) *cited in Calderone v. U.S.*, 799 F.2d 254, 258 (6th Cir. 1986). (Emphasis added). Simply put, the Defendant has confused the import of a "factual dispute" with a dispute about the legal significance of those facts. Merely pointing out "facts" is not sufficient to warrant the granting— or revisiting— of a Motion for Summary Judgment. Summary Judgment would only be proper if there were a confluence of fact and law in favor of the Defendant. Defendant has made its arguments about the legal implications of those facts, and should not be afforded a second opportunity to restate its argument because it did not like the Court's Decision.

In employment discrimination cases Courts "...require very little evidence to survive summary judgment precisely because the ultimate question is one that can only be resolved through a searching inquiry - one that is most appropriately conducted by the fact-finder, upon a full record." *Sescho-Nownejad v. Merced Community College District*, 934 F.2d 1104, 1111 (9th Cir. 1991) (internal quotes omitted).

### B. DEFENDANT'S MOTION CANNOT BE BROUGHT UNDER THE LOCAL RULES.

#### 1. Motions for Reconsideration can only be brought in limited circumstances.

The general rule is that Motions for Reconsideration must be brought within ten (10) days after the protested entry of judgment. *See* Rule 59(e), Federal Rules of Civil Procedure ("FRCP"). Even if this Court were to conclude that a Motion for Reconsideration can be brought sixty-two (62) days after this Court ruled on Defendant's Summary Judgment Motion, the Local Rules of this District Court delineate very narrow circumstances under which such a motion can be presented to

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

the Court.

According to Local Rule 7.1(i), a Motion for Reconsideration may be made only on the following grounds:

I.
    (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

    (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

    (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

The above grounds for bringing a motion for reconsideration are coupled to the following clear edict: **"No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."** Local Rule Civ. Pro. 7.1(i). The Rule is explicit that these are the "only" grounds on which a motion for reconsideration can be brought.

    **2. Defendant's Motion regurgitates the arguments of its Summary Judgment Motion in violation of the District Court's Local Rule 7.1(e).**

Defendant acknowledges that it is not permitted "to repeat any written 'arguments' previously made." Defendant's Motion, pg. 2. Defendant then says that he is entitled to repeat "facts it believes the Court failed to consider"— presumably in an effort to make a manifest showing that this Court failed to consider material facts. *See* Defendant's Motion, pg. 2. Despite saying that they will only be "repeating the facts," Defendant's Motion is replete with rehashed argument from

its Summary Judgment Motion.[2] The Defendant, through its instant Motion, is taking a second stab at arguing that Sgt. Ecle's post February 16, 2006 interactions with Perez were legally insignificant under Title VII because "staring" cannot be understood to be actionable harassment— even in the face of a negligent response by the Superior Court to Plaintiff's harassment complaint.[3]

These arguments about the lack of a legal claim under Title VII were explicitly made in the Superior Court's Motion for Summary Judgment, on Page 16.[4]

---

[2]Defendant's regurgitated arguments in the Motion to Reconsider were addressed by the Plaintiff's Opposition to the Motion for Summary Judgment. In section III(c) of the Plaintiff's Opposition, Plaintiff thoroughly addressed for the court why Ecle's "stares"— after a history of sexual assault on Plaintiff by Ecle in the workplace— were actionable under Title VII. In section III(b) of the Plaintiff's Opposition, Plaintiff cited numerous authorities for the fact that an employer's negligent and unreasonable response to a complaint of sexual harassment causes a federally recognized harm to the employee. In section III(a) of Plaintiff's Opposition, Plaintiff presented authority to the Court for the proposition that the employer's unreasonable response to Plaintiff's complaints opened the employer to liability for the harassment that Perez endured that occurred before February 16, 2006.

[3]On page 3 of Defendant's Motion for Reconsideration, Defendant argues that:

> "No inappropriate "interaction" between Sgt. Ecle and Perez before February 16, 2006 can be imputed to the Superior Court because the Superior Court had no notice of it. Under federal case law, no inappropriate "interaction" after February 16, 2006 legally constituted a violation of Title VII on the part of either the Superior Court or Sgt. Ecle, since all Sgt. Ecle allegedly did after that date was "stare" at Perez, and then only on the twelve full days and three half days the two people worked at the Superior Court at the same time."

\* \* \* \* \*

> "It does not matter what Officer Taijeron did or did not do after Perez first reported that Sgt. Ecle was harassing her on February 16, 2006. Assuming his response was negligent, such negligence did not proximately cause Perez to suffer any damages protected by Title VII, because in the dozen days they worked at the Superior Court at the same time after that, Ecle merely "stared" at Perez, nothing more."

The Defendant repeats this on page 4 of the Motion to Reconsider where he states:

> "Therefore, even assuming the Superior Court's response to plaintiff's complaint of harassment was negligent, that negligence did not result in any violation of Title VII. The "reasonableness" of the Superior Court's response to Perez's February 16, 2006 complaint is irrelevant."

[4]On Pages 11 and 12 of the Motion for Summary Judgment, Defendant argued that:

> "Even if this Court cannot rule as a matter of law that the Superior Court's conduct was reasonable, and believes that the Superior Court breached a duty of care owed to Perez, it is clear that any such breach of duty did not legally or proximately cause any violation of Title VII. This is because the only thing that Sgt. Ecle allegedly did

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Defendant should not be permitted to repeat and recast arguments as part of a motion for reconsideration. A motion for reconsideration is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." ***In re Houbigant, Inc.***, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996). District courts have promptly dismissed motions for reconsideration that merely repeated earlier arguments. *See* ***D.M. Rothman Co., Inc. v. Cohen Marketing Int'l, Inc.***, Not Reported in F.Supp. 2d, 2006 WL 1008114 (S.D.N.Y. 2006). *1 (stating "Plaintiff's arguments in its reconsideration motion merely repeat its prior arguments. Accordingly, the motion for reconsideration of the Court's (prior) Order... is denied." ); ***Paradysz Matera Co., Inc. v. Robertson***, Not Reported in F.Supp. 2d, 2004 WL 1713902, *1 (S.D.N.Y. 2004). (Holding: "I find nothing in defendant's present argument that persuades me that revisiting the legal and factual issues addressed in my prior Order would in any way alter the outcome. Defendant's arguments in his Reconsideration Motion repeat the arguments he made in his original Motion. Accordingly, the Motion for Reconsideration of the Court's (prior) Order... is denied.); *See also* ***Motorola, Inc. v. J.B. Rodgers Mechanical Contractors***, 215 F.R.D. 581(D. Ariz., 2003) (noting that "almost all of the local rules [of the ninth circuit] prohibit motions for reconsideration based on arguments already

---

after March 20, 2006 was stare at Perez a few times. As established below, mere stares are not a violation of Title VII. For this reason, Perez's negligence cause of action fails as a matter of law. She has established, at most, a duty of care and a breach of duty of care. But, she has not established causation, since the Superior Court's breach, if any, did not cause Perez any federally recognized harm.

C. As Matter of Law, Sgt. Ecle's Alleged Conduct Between February 16, 2006 And April 16, 2006 Was Not Severe Or Pervasive Enough To Constitute A Violation Of Title VII.

Here, at most, Sgt. Ecle allegedly stared at Perez only a few times over twelve or thirteen days. For Title VII purpose, and for any other purposes, for that matter, this is insignificant. People have no statutory or common law right to sue when a co-worker looks at them the wrong way."

presented to and rejected by the court.")

Not only has Defendant repeated its summary judgment arguments, it has gone so far as to alter its stance on one of the arguments. In the Motion for Summary Judgment, Defendant takes great pains to argue, on page 11, that:

> "It is undisputed that Perez told Taijeron on February 16, 2006, that she did not want to file an official report and that she did not want him to investigate."
>
> "After they both returned from leave as of March 20, 2006, their work schedules and their work assignments effectively kept them apart from each other for the next twenty nine days, until Sgt. Ecle was placed on administrative leave. And Perez never called Taijeron's radio number during this time. Under these circumstances, **the Superior Court's conduct in monitoring the situation rather than taking action was not unreasonable.** The Court should grant summary judgment in Defendant's favor." (Emphasis added).

On page 4 of the Motion to Reconsider, however, Defendant pivots one hundred eighty degrees and states:

> "...even assuming the Superior Court's response to plaintiff's complaint of harassment was negligent, that negligence did not result in any violation of Title VII. **The "reasonableness" of the Superior Court's response to Perez's February 16, 2006 complaint is irrelevant.**" (Emphasis added).

Defendant ignores the factual and legal significance that Taijeron was appointed and trained as the Defendant's Equal Employment Officer ("EEO"). He had a duty and obligation as a trained EEO representative to act according to the rules and policies of the Court. Additionally, Chief Marshal Pito Cruz was told of the February 16, 2006 complaint and as the Department's person of authority, and as management, he should have taken stops so that the Plaintiff and Ecle did not cross paths if Defendant desired to escape liability.

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

### 3. Defendant should not be allowed to use the Local Rules to delay court ordered settlement discussions.

It appears Defendant is turning to the Local Rules in an attempt to abrogate any meaningful settlement discussions in this case. Rule 1 of the FRCP mandates that the Rules "shall be construed to secure the **just, speedy, and inexpensive** determination of every action." FRCP 1. (Emphasis added). The FRCP is paramount, and "the force of this first and greatest of the Rules should not be blunted by district courts' exaggerating the importance of local rules...." *Woodham v. American Cystoscope Co.*, 335 F.2d 551, 557 (5th Cir. 1964).

### B. DEFENDANT IS NOT ENTITLED TO "CLARIFICATION."

The Court's determinations and Order of September 3, 2009 were within the Court's duty, authority and discretion. The Court could have, for example, denied the Defendant's Motion "for the reasons stated in Plaintiff's Opposition." That type of ruling is not uncommon. Neither Plaintiff nor Defendant are "entitled" to have the District Court do its legal work. Defendant is a legally savvy client with experienced counsels representing it.

### C. THIS COURT NEED NOT SUBMIT TO DEFENDANT'S INSISTENCE ON "AN ORDER SPECIFYING WHAT FACTS ARE NOT GENUINELY AT ISSUE."

Defendant's Motion for an order specifying what facts are genuinely at issue cannot be brought as an independent motion. The procedures outlined in Rule 56(d) are "ancillary to a motion for summary judgment." 10A C. Wright & A. Miller & Kane Civil 3d §2737, p. 316. Defendant is attempting to have this Court examine several submitted facts and provide an order outlining which facts are not at issue. This piecemeal attempt to obtain partial adjudication on issues has been rejected by federal courts that have been confronted by similar attempts. In *Capitol Records, Inc. v. Progress Record Distributing, Inc.* a party who could not obtain summary judgment asked the

court to instead adjudicate the issues under FRCP 56(d). 106 F.R.D. 25 (D.C. Ill., 1985). In denying the 56(d) motion outright, the district court stated that "first, the language of Rule 56(d), by referring to failure to achieve judgment 'on a motion under this rule,' implies that Rule 56(d) itself does not authorize the filing of a motion for a partial adjudication." *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 29 (D.C. Ill., 1985). The district court went further, and stated that:

> Rule 56(d) provides a method whereby a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56's other provisions; it does not create a vehicle for the type of motion brought by (the party unable to achieve summary judgment) in this case. **Were the court to hold otherwise, Rule 56(d) could be used to justify numerous and repetitive motions seeking to resolve limited factual issues in a piecemeal fashion. Such adjudications would not dispose of a claim or even become final until trial, and would waste judicial resources in almost every case.** Parties in effect could force the court to make the type of determinations that are properly made by the court in its discretion under Rule 16. A fair reading of Rule 56(d), then, is that it does not allow a party to bring a motion for a mere factual adjudication. Rather, it allows a court, **on a proper motion for summary judgment**, to frame and narrow the triable issues **if the court finds that such an order would be helpful** to the progress of the litigation. *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 29-30 (D.C. Ill., 1985) (emphasis added).

D. **DEFENDANT'S MOTION IN *LIMINE* MUST BE DENIED.**

    1. **This court should not exclude evidence of conduct that occurred before February 16, 2006.**

        a. **Defendant's Motion in *Limine* is a third attempt to reargue its Summary Judgment Motion and seeks to exclude relevant evidence.**

Not content with rehashing summary judgment arguments in its Motions for Reconsideration and *de facto* motion for factual adjudication, Defendant argues that evidence of conduct that

occurred before February 16, 2006 should be excluded as "irrelevant and prejudicial." To support this contention, Defendant pastes into its Motion in *Limine* the exact same argument relied upon it in its Motion for Summary Judgment. Defendant states in its Motion in *Limine*, at page 11:

> "An employer 'cannot be held liable for misconduct of which it is unaware." ***Swenson v. Potter***, 271 F. 3d 1184, 1192 (9th Cir. 2001). Instead, the employer's liability, if any, runs only from the time it 'knew or should have known about the conduct and failed to stop it." ***Id.***

Defendant's Summary Judgment Motion states, at page 9:

> "As mentioned (in the previous section) an employer 'cannot be held liable for misconduct of which it is unaware." ***Swenson v. Potter***, 271 F. 3d 1184, 1192 (9th Cir. 2001). Instead, the employer's liability, if any, runs only from the time it 'knew or should have known about the conduct and failed to stop it." ***Id. citing Burlington v. Ellerth***, 524 U.S. at 759."

Plaintiff presented counter arguments to support its positions that the Superior Court could be held liable not just for its improper response to Debbie Perez's complaints, but also for the activity that occurred before February 16, 2009 that led to those complaints. Activity that occurred before February 16, 2009 is vitally relevant to the instant Title VII action. Plaintiff's Opposition to the Motion for Summary Judgment noted the applicable law and stated, at section III(a)(2):

> It is well established that "once an employer knows or should know of [coworker] harassment, a remedial obligation kicks in." ***Fuller*** at 1522, 1528. Such an employer will be liable for the hostile work environment created by the coworker unless "the employer ... take[s] adequate remedial measures in order to avoid liability. ***Yamaguchi v. United States Dep't of the Air Force***, 109 F.3d 1475, 1482 (9th Cir. 1997). The employer's actions should be "reasonably calculated to end the harassment." ***Ellison v. Brady***, 924 F.2d 872, 882 (9th Cir. 1991).

After Perez's February 16, 2006 complaint, the Superior Court took *no* remedial action to address the complaint. It is precisely because of the Defendant's failure to take action after learning

of the pre February 16, 2006 sexual assaults that evidence of the Pre February 16, 2006 activity becomes relevant under Federal Rule of Evidence ("FRE") 402. Furthermore, Defendant offered no sexual harassment or Title VII training to its employees during the time frame, 2002 through 2006, complained of by Plaintiff. Such training very well may have caused Defendant to know of the harassment earlier if for no other reason than because Plaintiff would have known her rights and Ecle would have known of the Defendant's sexual harassment policy. With no training, does the Court really have a sexual harassment policy? It is incongruous to state that Plaintiff can bring a hostile work environment action, without being able to present evidence of the hostile work environment.

### b. Defendant's "prejudice" argument is completely without merit.

Defendant's "prejudice" argument can be dispatched with easily. It defies logic to ask a judge in a bench trial to examine, and then exclude, relevant evidence because the judge might be "unfairly prejudiced" by the evidence. The United States Court of Appeal for the Fifth Circuit has succinctly and eloquently put the matter to rest:

> The exclusion of this evidence under Rule 403's weighing of probative value against prejudice was improper. This portion of Rule 403 has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but **excluding relevant evidence on the basis of "unfair prejudice" is a useless procedure**. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision. *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir., 1981). (Emphasis added).

Even if this Court were concerned of being "prejudiced" against the defendant because of Pre-February 16, 2006 activity, nothing improper would occur if the Court were swayed by relevant

prejudicial evidence. There is no doubt that evidence of an armed Superior Court employee sexually assaulting and terrorizing a coworker during working hours is prejudicial to the Superior Court's defense. However, the FRE do not exclude evidence because it may harm a defendant's case. FRE 403 "does not exclude evidence because it is strongly persuasive or compellingly relevant— the rule only applies when it is likely the jury will be moved by a piece of evidence in a manner that is somehow unfair or inappropriate. The truth may hurt, but Rule 403 does not make it inadmissible on that account." *In re Air Crash Disaster*, 86 F. 3d 498, 538 (6th Cir. 1996).

### 2. This Court can properly include evidence of conduct that occurred more than 180 days before Plaintiff's EEOC Complaint.

In an effort to prevent the offering of evidence of the sexual harassment committed against Perez, the Defendant argues that evidence that falls outside of the 180 day window articulated in 42 USC §2000e-5(e)(1) must be excluded. This is simply not the case. Because harassing conduct occurred within the 180 day window, evidence of harassment that occurred before then is admissible. The United States Supreme Court has held that hostile work environment claims are based on "the cumulative effect of individual acts." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122, 122 S.Ct. 2061, 153 L.Ed. 2d 106 (2002) ("A charge alleging a hostile work environment claim ... will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.") Because of the cumulative nature of the claim, "such claims may include alleged harassment occurring outside of the 180-day period and still be considered timely so long as at least one act contributing to the claim occurred within 180-day period. *Sharp v. General Motors Acceptance Corp.*, Not Reported in F.Supp. 2d, 2005 WL 3455850, *2 (N.D. Ga., 2005).

Even if this Court were to agree that "staring" by itself does not constitute actionable

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

harassment, this fact would not, as the Defendant asserts, prevent the presentation of evidence from outside of that 180 day window. *See* **Gibson v. Hickman**, 38 F.Supp. 2d 1369, 1373 (M.D. Ga. 1999) ("[I]f just one event occurred during the 180 day period which may not be, standing alone, sexual harassment, but this incident is alleged to be part of a continuous and related string of events which in the aggregate constitutes sexual harassment then the claim is not barred by the 180 day statute of limitations.").

## III.

## CONCLUSION

Defendant's omnibus Motions must be denied. The Motion for Reconsideration cannot be brought under the Local Rules because it is little more than a *de facto* second argument for summary judgement. The Defendant is not entitled as a matter of right to have this Court clarify its defense for it, and this Court cannot act on an independent motion to adjudicate individual facts. Finally, Defendant's Motions in *Limine* must be denied as improper attempts to exclude relevant evidence that— while harmful to the Defendant's case— does not run afoul of the FRE.

Dated this 16th day of November, 2009.

**TEKER TORRES & TEKER, P.C.**

By: _____
PHILLIP TORRES, ESQ.
*Attorneys for Plaintiff*

**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

# CERTIFICATE OF SERVICE

I, PHILLIP TORRES, hereby certify that a true and exact copy of the foregoing document was duly served on Defendant, on November 16, 2009, by hand delivering said copy to its counsel of record:

**Thomas L Roberts, Esq.**
**DOOLEY, ROBERTS & FOWLER, LLP**
865 S. Marine Corps. Dr.
Ste. 201, Orlean Pacific Plaza
Tamuning, Guam 96913

DATED at Hagåtña, Guam, on November 16, 2009.

_____
**PHILLIP TORRES, ESQ.**

M:\COMMON\USERS\#PLEADINGS\PEREZ, DEBBIE\03 - DISTRICT COURT CASE\021 RECONSIDERATION OPPOSITION.wpd