Tim Roberts, Esq.
Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone (671) 646-1222
Facsimile (671) 646-1223
roberts@guamlawoffice.com

Bridget Ann Keith
SUPERIOR COURT OF GUAM
Guam Judicial Center
120 W. O'Brien Drive, Suite 300
Hagåtña, Guam 96910
Telephone No. (671) 475-3526
Facsimile No. (671) 477-3184
akeith@mail.justice.gov.gu

Attorneys for Defendant
Superior Court of Guam

FILED
DISTRICT COURT OF GUAM

NOV 20 2009 

JEANNE G. QUINATA
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DEBBIE ANN REYES PEREZ, | ) CIVIL CASE NO. CV08-00007 |
| Plaintiff, | ) |
| vs. | ) **SUPPLEMENTAL MEMORANDUM** |
| | ) **[RE: "RATIFICATION" ISSUE]** |
| SUPERIOR COURT OF GUAM, | ) **IN SUPPORT OF MOTION FOR** |
| | ) **RECONSIDERATION** |
| Defendant. | ) **AND RELATED MOTIONS** |

At the November 19, 2009 Settlement Conference, the Court informed counsel that it was likely to deny reconsideration because the jury could find that the Superior Court "ratified" Sgt Ecle's conduct prior to February 16, 2009 by not doing anything about it when Perez first reported his alleged harassment on that date. This would expose the Superior Court to liability for that pre-February 16, 2006 conduct even though it is undisputed it never knew about it.

**ORIGINAL**

Perez v. Superior Court of Guam
Dist. Ct. Civil Case No. CV08-0007
Supplement Memo. [Re: "Ratification" Issue]
In Support of Motion for Reconsideration and Related Motions

This is not the time for subtlety or imprecise words. Such a ruling would be contrary to established Ninth Circuit precedent:

> If the employer fails to take corrective action after learning of an employee's sexually harassing conduct, or takes inadequate action that emboldens the harasser to continue his misconduct, the employer can be deemed to have "adopted the offending conduct and its results, quite as if they had been authorized affirmatively as the employer's policy." *Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 141 L. Ed. 2d 662, 118 S. Ct. 2275 (1998). On the other hand, an employer cannot be held liable for misconduct of which it is unaware. See *Brooks*, 229 F.3d at 924; see also *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 811 (7th Cir. 2000) ("Negligence of this nature exposes the employer not to liability for what occurred before the employer was put on notice of the harassment, but for the harm that the employer inflicted on the plaintiff as a result of its inappropriate response."). The employer's liability, if any, runs only from the time it "knew or should have known about the conduct and failed to stop it." *Ellerth*, 524 U.S. at 759; see also *Brooks*, 229 F.3d at 924. (emphasis added). The jury found that the Postal Service first had notice of Feiner's conduct on January 24, the date Domingo learned of the grabbing incident. Until then, Swenson had never complained to management about Feiner's behavior, and the Postal Service cannot be held liable for its actions (or inactions) prior to that date. See *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 673 (10th Cir. 1998). n6
>
> n6 Plaintiff's counsel argued below that by taking inadequate remedial action, the employer ratifies (and becomes responsible for) past misconduct. We reject this contention. *Ellerth* makes it quite clear that the employer is responsible only for acts of misconduct committed after it has been put on notice. *Ellerth*, 524 U.S. at 759; see also *Brooks*, 229 F.3d at 924; *Hostetler*, 218 F.3d at 811; *Adler*, 144 F.3d at 673.

*Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001).

> Where, as here, harassment by a co-worker is alleged, "liability is direct, not derivative: An employer is responsible for its own actions or omissions, not for co-worker's harassing conduct." *Swenson v. Potter*, 271 F.3d 1184, 1191-92 (9th Cr. 2001). In order to prevail, the plaintiff must prove that the employer was negligent. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 759, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998). In other words, the

Perez v. Superior Court of Guam
Dist. Ct. Civil Case No. CV08-0007
Supplement Memo. [Re: "Ratification" Issue]
In Support of Motion for Reconsideration and Related Motions

> plaintiff must prove that the employer knew or should have known of the co-worker harassment but did not take adequate steps to address it. *Swinton v. Potomac Corp.*, 270 F.3d 794, 803 (9th Cir. 2001). "If the employer fails to take corrective action after learning of the employee's sexually harassing conduct, or takes inadequate action that emboldens the harasser to continue his misconduct, the employer can be deemed to have adopted the offending conduct and its results, quite as if they had been authorized affirmatively as the employer's policy." *Swenson*, 271 F.3d at 1192 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).
>
> The employer is not, however, liable for conduct of which it is unaware: "The employer's liability, if any, runs from the time it knew or should have known about the conduct and failed to stop it." *Swenson*, 271 F.3d at 1192 (quoting *Ellerth*, 524 U.S. at 759).

*Thomas v. Tri-County Metro. Serv. Dist.*, 2006 U.S. Dist. LEXIS 85784 (D. Or. 2006)

> When harassment by a coworker is alleged, the employer will be held liable only where its own negligence is a cause of the harassment. *Swenson v. Potter*, 271 F.3d 1184, 1191 (9th Cir. 2001). The employer is responsible for its own acts or omissions. *Id.* at 1191-92. If the employer fails to take corrective action after learning of an employee's sexually harassing conduct, or takes inadequate action that emboldens the harasser to continue his misconduct, the employer can be deemed to have "adopted the offending conduct and its results, quite as they had been authorized affirmatively as the employer's policy." *Id.* at 1192 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 789, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998)). The employer's liability, if any, runs from the time it knew or should have known about the conduct and failed to stop it. *Id.* ... Notably, the Ninth Circuit has recognized that an employer is only responsible for acts of misconduct that occur after it has been put on notice. *Id.* at 1192 n.6. In that case, the Ninth Circuit held that where the plaintiff had never complained to management about the harasser's conduct until a specific date, the employer could not be held liable for its action, or inactions, prior to that date. *Id.*

*Yeargain v. Landry*, 2008 U.S. Dist. LEXIS 11264, 17-19 (D. Idaho 2008).

> An employer's tolerating sexual harassment against its employee adversely changes the terms of the employment in violation of

Perez v. Superior Court of Guam
Dist. Ct. Civil Case No. CV08-0007
Supplement Memo. [Re: "Ratification" Issue]
In Support of Motion for Reconsideration and Related Motions

> Title VII. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). If an employer fails to take corrective action after learning of an employee's sexually harassing conduct, or takes inadequate action that emboldens the harasser to continue his misconduct, the employer can be deemed to have adopted the harasser's conduct and its results; however, an employer cannot be liable for misconduct of which it is unaware. *Swenson v. Potter*, 271 F.3d 1184, 1192 (9th Cir. 2001).

*Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1227 (E.D. Cal. 2006).

Nor can Perez recover for pre-February 16, 2006 conduct on Sgt. Ecle's part by claiming it created a "hostile work environment". Even in a hostile work environment claims, the "no notice, no liability" rule stands firm. "If a hostile work environment exists, an employer is only liable for failing to remedy harassment of which it knows or should know." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000); see also, *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1120 (9th Cir. 2004) (employers are liable for in hostile work environment "of which management-level employees knew, or in the exercise of reasonable care should have known." *Ellison v. Brady*, 924 F.2d at 881 (9th Cir. 1989).

Finally, it does no good to assert that Sgt. Ecle's conduct was a "continuing violation". The "continuing violation" doctrine, if established, merely extends the statute of limitations. It does abrogate the fundamental rule that an employer is not liable for co-employee harassment it did not know about.

DOOLEY ROBERTS & FOWLER LLP

Dated: November 20, 2009       By: _____
**TIM ROBERTS, Esq.**
Attorneys for Defendant
Superior Court of Guam

TLR:jvd\J144.01\Supp. Memo.(Recon.)